## 1620

Kimberly Word BOWERS, Respondent v. John Perry BOWERS, Jr., Appellant.

(403 S.E. (2d) 127)

Court of Appeals

James H. Price, III, Greenville, for appellant.

Richard T. Townsend, Laurens, for respondent.

Heard Feb. 11, 1991.

Decided March 4, 1991.

GOOLSBY, Judge:

John Perry Bowers, Jr., appeals a family court ruling in favor of Kimberly Word Bowers that denied his motion to set aside that portion of an earlier separate maintenance and support order that found him to be the father of the child born during the parties' marriage. We affirm.

This action began when Mrs. Bowers sued Mr. Bowers for a divorce based upon one year's continuous separation. By way of a counterclaim, Mr. Bowers alleged that he "has been informed by a third party that the [p]laintiff was having an adulterous affair at the time of conception of the child [born during the marriage] and upon confronting her with this matter [Mrs. Bowers] has not denied it." His counterclaim requests an order for HLA blood testing.

Mrs. Bowers replied to the counterclaim by denying its allegations and raising res judicata, accord and satisfaction, and waiver as affirmative defenses. She based the res judicata defense upon a previous separate maintenance and support action between these parties that concluded with an order that, among other things, found the child had been born of the marriage and required Mr. Bowers to pay support for the child.

Mr. Bowers then moved, apparently pursuant to Rule 60(b)(3), SCRCP, to set aside that portion of the court's separate maintenance and support order that held he was the child's father. His motion alleges that the order "was based upon the fraudulent misrepresentation and misconduct of [Mrs. Bowers]."

At the beginning of the family court's hearing on Mr. Bowers' motion, the court asked Mr. Bowers' attorney, "All right, you got an [a]ffidavit or anything showing me what he alleges—in what way he alleges he was defrauded or deceived?"

Mr. Bowers' attorney responded, "I do not have an [a]ffidavit, your Honor." He then restated the allegations contained in Mr. Bowers' counterclaim and read Rule 60(b), SCRCP, to the court.

In its final order, the family court specifically found Mr. Bowers made no showing of a meritorious defense to the claim of paternity. *See Mitchell Supply Co., Inc. v. Gaffney*, 297 S.C. 160, 375 S.E. (2d) 321 (Ct. App. 1988) (holding that Rule 60(b)(1) SCRCP required a showing of a meritorious defense in part because federal cases interpreting Rule 60(b)(1) of the Federal Rules of Civil Procedure require a showing of a meritorious defense); *Square Construction Company v. Washington Metropolitan Area Transit Authority*, 657 F. (2d) 68, 71 (4th Cir. 1981) (in considering a Rule 60(b)(3) motion the threshold matter is whether the movant has demonstrated the existence of a meritorious claim or defense).

Although the family court based its order on several grounds, we affirm, without reaching the other grounds, the family court's holding that Mr. Bowers failed to demonstrate a meritorious defense to the claim of paternity. *See Anderson v. West*, 270 S.C. 184, 241 S.E. (2d) 551 (1978) (since the Supreme Court affirmed a jury verdict upon one ground challenged in the appeal, it was unnecessary for the court to consider the other alleged errors); *Pruitte v. Burns*, 212 S.C. 325, 47 S.E. (2d) 785 (1948) (when an appeal raising two issues is affirmed on the first issue, the second issue becomes immaterial).

The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle him to relief. *See* 49 C.J.S. *Judgments* § 297, at 545 (1947) ("The party who seeks to have a judgment opened or set aside must assume the burden of proving the facts essential to entitle him to the relief asked."); 46 Am. Jur. (2d) *Judgments* § 780, at 940 (1969) ("The general rule is that no court has authority to open or vacate a judgment without some material evidence to support the claims on which the application for relief depends."); *cf.* 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.24[5], at 60-217 (1990) ("The moving party must show fraud, misrepresentation, or other misconduct within the intendment of 60(b)(3) and, normally, that he has a meritorious claim or defense, as the case may be. Fraud, mis-

representation, or other misconduct is not to be presumed; the burden of proof as to these charges is upon the moving party; and they must ordinarily be proved by clear and convincing evidence."). Such evidence is usually provided through affidavits. *See* 49 C.J.S. *Judgments* § 295, at 544 (1947) ("A motion to open or vacate a judgment should be supported by affidavits as to the facts on which the application relies."); *cf. Arnold v. Arnold*, 285 S.C. 296, 328 S.E. (2d) 924 (Ct. App. 1985) (where the court accepted verified pleadings as evidence). Mr. Bowers offered neither affidavits nor other proof.

Mr. Bowers, however, relies on the allegations contained in his unverified counterclaim and the arguments made by his attorney during the hearing on his motion. Mere allegations, denied by the other party, are not evidence. *See Griffin v. Van Norman*, — S.C. —, —, 397 S.E. (2d) 378, 379 (Ct. App. 1990) ("Allegations in a [c]omplaint denied in answer are evidence of nothing.").[1] Arguments of counsel are also not evidence. *See McManus v. Bank of Greenwood*, 171 S.C. 84, 89, 171 S.E. 473, 475 (1933) ("This court has repeatedly held that statements of fact appearing only in argument of counsel will not be considered."); *Gilmore v. Ivey*, 290 S.C. 53, 348 S.E. (2d) 180 (Ct. App. 1986) (the trial court properly disregarded the statements of counsel that he claimed reflected testimony appearing in depositions not otherwise entered into evidence).

Affirmed.

SANDERS, C.J., and SHAW, J., concur.

---

[1] Mr. Bowers cites the case of *Evans v. Gunter*, 294 S.C. 525, 366 S.E. (2d) 44 (Ct. App. 1988), for the proposition that allegations contained in the pleadings may be considered. Evans, however, involved an appeal from an order granting a motion to dismiss pursuant to Rule 12(b)(6), SCRCP. It did not involve an order either granting or denying a Rule 60(b)(3) motion, though Rule 60(b)(5) was discussed.