THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Linda Lundstrom, Inc.,       
Respondent,
 
 
 

v.

 
 
 
Kathleen Jennings DBA The Southern Cottage,       
Appellant.
 
 
 

Appeal From Greenville County
Joseph J. Watson , Circuit Court Judge

Unpublished Opinion No. 2005-UP-209
Submitted March 1, 2005  Filed March 21, 2005

AFFIRMED

 
 
 
Kathleen Jennings, of Greenville, for Appellant.
Leo A. Dryer, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  Katheen Jennings appeals an order by the trial judge denying her request for relief from judgment pursuant to Rule 60(b), SCRCP.  We affirm.[1] 
FACTS
In October of 2000, Linda Lundstrom, Inc. (Lundstrom), filed suit against Kathleen Jennings, doing business as The Southern Cottage at the Falls, Inc. (Southern Cottage), seeking payment for merchandise delivered to Jennings.  Jennings filed an answer denying Lundstroms allegations and asserting a counterclaim for repayment and costs associated with returned merchandise.  According to Lundstrom, it served requests for admission on Jennings on February 14, 2001, for which it did not receive a timely response.  Subsequently, Lundstrom filed a motion to strike Jennings answer and a motion for summary judgment.  Jennings retained counsel and filed a motion to dismiss claiming Southern Cottage, a South Carolina Corporation, not Jennings, placed the orders in question with Lundstrom.  In addition, Southern Cottage filed a motion to intervene in the matter, and Jennings filed a motion to amend her answer to include these arguments as a defense.   
The trial judge issued an order on October 16, 2001, deeming Lundstroms requests for admission admitted and granting Lundstroms motion for summary judgment.  Jennings filed a motion to reconsider, arguing the trial judge should have recused himself.  In Jennings memorandum in support of her motion, she stated she asked her attorney to file a motion requesting the judge to recuse himself, but her attorney did not.  In addition, Jennings argued Lundstrom failed to provide her with sufficient discovery responses and she was not the correct defendant to be sued.  In an order signed on November 6, 2001, the trial judge denied Jennings motion to reconsider.  Jennings did not file an appeal.  
On January 8, 2002, Jennings filed a renewed motion to reconsider, to vacate the judgment, and to have the trial judge recused.  In an order dated January 9, 2002, the trial judge again denied Jennings requests for reconsideration and for recusal, but the judge allowed her to proceed with a motion to vacate the judgment pursuant to Rule 60(b), SCRCP.  Jennings filed another motion, entitled Amended Renewed Motion for Reconsideration, Motion to Vacate Judgment, Motion to Recuse, and Motion for Leave to Withdraw Admissions and Memorandum in Support.  This motion was treated as a Rule 60(b) motion to vacate.  Jennings argued in the motion that she did not receive Lundstroms requests for admission until after it filed its motion to strike and its motion for summary judgment.  The trial judge conducted a hearing on the Rule 60(b) motion and subsequently issued an order dated February 22, 2002, denying Jennings request.  The trial judge determined he addressed, in his previous order, Jennings arguments that she was not the correct defendant and that she was due credits for returned merchandise.  In addition, the trial judge reasoned Jennings argument that she did not receive the requests for admission was without merit because the rule regarding requests for admission does not require certified mailing and Jennings did not previously assert this argument.  Jennings appealed the denial of her motion to vacate.  
STANDARD OF REVIEW
Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the judge.  Our standard of review, therefore, is limited to determining whether there was an abuse of discretion. 
Raby Constr., L.L.P. v. Orr, 358 S.C. 10, 17-18, 594 S.E.2d 478, 482 (2004) (citation omitted).  An abuse of discretion arises where the trial judge was controlled by an error of law or where his order is based on factual conclusions that are without evidentiary support. 
Tri-County Ice & Fuel Co. v. Palmetto Ice Co., 303 S.C. 237, 242, 399 S.E.2d 779, 782 (1990).  
LAW/ANALYSIS
I.  Withdrawal or Amendment of Requests for
Admission
Jennings argues the trial judge erred in failing to allow her to withdraw or amend her requests for admission.  We disagree.
We find this issue not properly preserved for our review on appeal.  An issue must be ruled upon by the trial judge or raised by way of a Rule 59(e), SCRCP motion to be preserved for appellate review. 
Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991).  Although Jennings asserted this argument in her Rule 60(b) motion, the trial judges order does not specifically address this issue.  In addition, Jennings did not assert this argument in a Rule 59(e), SCRCP motion to alter or amend the trial judges order denying her request for relief from judgment.  Because Jennings raises the issue regarding the withdrawal or amendment of her requests for admission for the first time in her Rule 60(b) motion, we find this issue not preserved for our review.  
II.  Individual Liability for Corporate Debts 
Jennings maintains the trial judge erred in entering summary judgment against her for liabilities incurred by Southern Cottage.  Specifically, Jennings contends that Southern Cottage is a registered corporation in South Carolina and this corporation, not Jennings, placed the order for the merchandise for which Lundstrom seeks payment.  Therefore, Jennings argues absent an assertion that Southern Cottage, as a corporate entity, should be disregarded, she, as a shareholder, cannot be held personally liable for its obligations.   
Without addressing the merits of Jennings argument, we find her presentment of this argument in a Rule 60(b), SCRCP motion for relief from judgment improper.  Relief from judgment under Rule 60 should not be considered a substitute for appeal from a final judgment, particularly when it is clear the party seeking relief could have litigated at trial and on appeal the claims he now makes by motion. 
Smith Co. of Greenville, Inc. v. Hayes, 311 S.C. 358, 359, 428 S.E.2d 900, 902 (Ct. App. 1993).  
Jennings raised this argument before the trial judge in both her amended answer and her motion to dismiss prior to the trial judges order granting Lundstrom summary judgment.  Although the trial judge did not specifically rule on this issue in his order granting summary judgment, Jennings asserted this argument in both of her Rule 59(e), SCRCP motions, which the trial judge denied.  Jennings, however, did not subsequently appeal either of the trial judges orders denying her motions to reconsider.  Instead, Jennings filed a Rule 60(b) motion, which is not a substitute for an appeal.  Therefore, we find Jennings assertion of this issue pursuant to a Rule 60(b) motion improper.
III.  Rule 60(b) Motion 
Jennings argues the trial judge erred in denying her request for relief from the order granting Lundstrom summary judgment.  Jennings presents two arguments in support of her request for relief from judgment.  First, Jennings asserts the trial judge based his order upon the mistaken belief that Lundstrom delivered requests for admission to Jennings prior to the due date for such requests.  Second, Jennings failure to answer Lundstroms requests constituted excusable neglect because Jennings should not be required to timely answer requests for admission she did not receive.  In addition, Jennings contends she has several meritorious defenses she can assert should the court grant her motion.  
The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle him to relief. 
Bowers v. Bowers, 304 S.C. 65, 67, 403 S.E.2d 127, 129 (Ct. App. 1991).  Rule 60(b) provides in pertinent part: 

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.  On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
 
 (1) mistake, inadvertence, surprise, or excusable neglect; . . . .

In determining whether to grant a motion under Rule 60(b), the trial judge should consider: (1) the promptness with which relief is sought, (2) the reasons for the failure to act promptly, (3) the existence of a meritorious defense, and (4) the prejudice to the other party. 
Mictronics, Inc. v. South Carolina Dept of Revenue, 345 S.C. 506, 510-11, 548 S.E.2d 223, 226 (Ct. App. 2001). 
In the present case, Jennings seeks relief from a judgment based upon requests to admit which were deemed admitted.  The South Carolina Rules of Civil Procedure provide that unless a party served requests to admit answers and denies the request within thirty days, the matters in the requests are deemed admitted.  Rule 36(a), SCRCP.  The rule further provides that matters admitted pursuant to the rule are conclusively established unless a withdrawal or amendment of the admission is allowed by the trial judge.  Rule 36(b),
SCRCP.
We find the trial judge did not abuse his discretion in denying Jennings request for relief from judgment because Jennings did not meet her burden of proving any mistake or excusable neglect.  The record indicates Jennings knew she did not timely answer Lundstroms requests for admission before the trial judge granted summary judgment to Lundstrom.  Jennings admitted in an affidavit that she learned of the requests to admit when she received Lundstroms motion for summary judgment based upon Jennings failure to answer the requests to admit on April 9, 2001.  Nevertheless, Jennings still failed to answer the requests to admit until August 15, 2001.  In a letter to counsel for Lundstrom, dated August 15, 2001, Jennings counsel wrote: Enclosed is the Defendants Answers to Plaintiffs Request for Admissions and Verification.  I apologize for the delay in sending the answers to you.  The trial judge addressed this failure in the order granting Lundstroms motion for summary judgment, stating:  The Court is first required to address Plaintiffs (earlier) Motion; Plaintiffs Request to Admit are deemed admitted, and this Court need inquire no further; the Plaintiff is entitled to the relief of Summary Judgment.   
The record does not contain any indication that Jennings filed a motion to withdraw the deemed admissions or to amend the deemed admissions.  In fact, in Jennings subsequent motions to reconsider, she does not assert any error by the trial judge in regard to this issue.  Because Jennings failed to answer the requests to admit within thirty days of service, the matters contained therein were deemed admitted pursuant to Rule 36, SCRCP.  Accordingly, the trial judge correctly granted summary judgment to Lundstrom.  Therefore, there was no evidence of mistake or excusable neglect and we find the trial judge did not abuse his discretion in denying Jennings request for relief from judgment.

 IV.  Recusal 
Jennings argues the trial judge erred in refusing to recuse himself from the case due to a negative and hostile relationship with her.  
We find this issue not preserved for our review.  In order for an issue to be preserved for appellate review, with few exceptions, it must be raised and ruled upon by the trial judge. 
Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505, 511, 598 S.E.2d 712, 715 (2004).  When a trial judge does not address the specific argument raised by the an appellant and the appellant does not make a motion to alter or amend pursuant to Rule 59(e), SCRCP, to obtain a ruling on the argument, the appellate court cannot consider the argument on appeal. 
Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991).  
In the case at bar, Jennings argued this issue in her motion for relief from judgment, but the trial judge did not rule upon this issue in his order.  In addition, Jennings did not file a motion pursuant to Rule 59(e), SCRCP to attempt to obtain a ruling on this issue.  Therefore, we find this argument not preserved for our review.  
CONCLUSION
We find Jennings arguments that the trial judge erred in refusing to allow her to withdraw or amend her requests for admission and in refusing to recuse himself from this action not preserved for our review.  In addition, Jennings claim that she cannot be held personally liable for obligations incurred by Southern Cottage is not properly before this court in this appeal from the trial judges denial of request for relief from judgment.  Finally, we find the trial judge did not abuse his discretion in denying Jennings request for relief from judgment.  Accordingly, the decision of the trial judge is 
AFFIRMED.  
ANDERSON, BEATTY, and SHORT, JJ., concur.

[1] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.