705 S.E.2d 94

Miriam RODRIGUEZ, as Personal Representative of the Estate of Francisco Martinez Marco, Respondent,

v.

Alexander GUTIERREZ, Ernesto Gutierrez, and Jose A. Reyes d/b/a Cinco de Mayo, Defendants, of whom Jose A. Reyes d/b/a Cinco de Mayo is the, Appellant.

No. 4786.

Court of Appeals of South Carolina.

Heard June 8, 2010.

Decided Jan. 26, 2011.

324

Walter Christopher Castro, of Myrtle Beach, for Appellant.
William I. Diggs, of Myrtle Beach, for Respondent.

PER CURIAM.

In this civil case, we must determine whether the circuit court abused its discretion in refusing to set aside a default judgment against Jose Reyes d/b/a/ Cinco De Mayo Restaurant (Reyes) because Miguel Vazquez's counsel (Vazquez's counsel) personally served notice of the damages hearing on Reyes rather than on Reyes's counsel. We affirm.

## FACTS

On April 17, 2007, Alexander Gutierrez (Driver) was driving a vehicle owned by his father, Ernesto Gutierrez (Owner). In the vehicle with Driver were three others: Francisco Marco (Marco), Humberto Antonio Cruz (Cruz), and Miguel Vazquez (Vazquez). The four men had just left the Cinco De Mayo Restaurant (the Restaurant) in Horry County where they had been drinking. Driver lost control of the vehicle and drove off the road into a tree. Cruz and Marco were killed instantly. Vazquez suffered severe and permanent brain damage.

On June 12, 2007, Vazquez filed suit[1] against Driver and Owner based on negligence and against Reyes based on dram

---

1. Miriam Rodriguez served as personal representative for the Estates of Cruz and Marco as well as Next Friend for Vazquez in the underlying

shop violations (the Vazquez Action).[2] On June 13, 2007, a companion case was filed on behalf of the Estate of Marco (the Marco Action).[3] On June 14, 2007, the Vazquez and Marco complaints were simultaneously served on Reyes. On July 2, 2007, an action (the Cruz Action) was filed on behalf of the Estate of Cruz containing the same allegations as the Vazquez and Marco actions.[4] Marco, Cruz, and Vazquez were represented by the same attorney (hereinafter Vazquez's counsel). On July 12, 2007, the Axelrod Law Firm (Axelrod) served an answer and counterclaim in the Marco Action only.

Thereafter, Johanna Bufford (Bufford), a paralegal with Vazquez's counsel contacted Axelrod to ask if it was accepting service on behalf of Reyes in the Cruz Action. She was told, "No." Bufford then contacted process server Timothy Hecker (Hecker) to personally serve the Cruz complaint on Reyes at the Restaurant. According to Hecker, when he arrived at the Restaurant, a bartender told him Reyes was out of the country. However, the bartender was able to call Reyes on his cell phone and allowed Hecker to speak directly to Reyes. Hecker stated Reyes instructed him to serve the papers on his attorney at Axelrod. At that point, Hecker drove to Axelrod and attempted to serve Axelrod with the Cruz complaint; however, "the lady that answers the phone, who is a translator" told Hecker that Axelrod would not accept service on Reyes's behalf.[5] When Hecker reported this to Bufford, she instructed him again to personally serve Reyes. Knowing that Reyes was out of the country, Hecker waited for Reyes to return.

Meanwhile, on August 1, 2007, having received no responsive pleading from Reyes in the Vazquez Action, Vazquez's counsel filed a motion for entry of default against Reyes in the

action. Although Rodriguez's name is listed on the case caption, the court references the substantive parties for purposes of this opinion.

2. The Vazquez Action was filed as case number 2007–CP–26–3654.

3. The Marco Action was filed as case number 2007–CP–26–3664.

4. The Cruz Action was filed as case number 2007–CP–26–4066.

5. Although Hecker did not recall the exact date he went to Axelrod, he did state it was "late in July [2007]."

Vazquez Action. On the motion for entry of default, Vazquez's counsel listed W. Christopher Castro (Castro) of Axelrod as the "Defendant's Attorney." Bufford again called Axelrod and asked if it would accept service of the motion for entry of default on Reyes's behalf. An employee at Axelrod told Bufford that Axelrod would not accept service of the motion.[6] Accordingly, Bufford contacted Hecker (who, at that point, had still not been able to serve the Cruz complaint on Reyes), gave him a copy of the motion, and instructed Hecker to personally serve the Vazquez motion for entry of default on Reyes at the same time he served Reyes with the Cruz complaint. On August 2, 2007, at 6:30 a.m., Hecker finally made contact with Reyes at his home and served him with the Cruz complaint and the motion for entry of default in the Vazquez Action.

On September 5, 2007, the circuit court entered default against Reyes in the Cruz and Vazquez Actions. On September 7, 2007, Vazquez's counsel sent a letter to Reyes at his home address informing him that a damages hearing in the Vazquez action had been scheduled for September 21, 2007, at the Horry County Courthouse. On September 19, 2007, however, the hearing date was moved to September 20, 2007. That same day, Vazquez's counsel sent Reyes another letter informing him of the change. On September 20, 2007, the damages hearing was held before the Honorable Doyet J. Early, III. Reyes did not appear, nor did anyone appear on his behalf. Judge Early heard evidence on the issue of Vazquez's brain injuries. On October 25, 2007, Judge Early entered a default judgment in favor of Vazquez against Reyes in the amount of $1,575,066.20.

On October 25, 2007, Castro filed motions to set aside the default judgment in *both* the Cruz and Vazquez Actions. On February 27, 2008, a hearing was held before the Honorable Michael J. Baxley to hear arguments on, among other things, the motions to set aside default in the Cruz and Vazquez Actions.[7] Vazquez's counsel argued Reyes was in default in

---

6. In her affidavit, Bufford does not identify the position of the employee with whom she spoke on August 1, 2007; she only identifies her as "Karen."

7. Prior to ruling on the motions to set aside default, Judge Baxley consolidated the Cruz, Marco, and Vazquez cases, along with an inter-

both actions. In response, Castro presented evidence that on August 20, 2007, he filed an answer and counterclaim in the Cruz Action, which was within thirty days of the August 2, 2007 service of the Cruz complaint on Reyes. Vazquez's counsel countered that the answer and counterclaim were, in fact, directed to the Marco Action because even though they listed the Cruz number, they contained the Marco caption. Judge Baxley ruled the mismatch between the caption and the case number within the answer and counterclaim was a good faith error. Accordingly, Judge Baxley orally granted the motion to set aside default *as to Cruz,* and allowed Reyes ten days to file a correctly captioned and numbered pleading *in the Cruz Action.*

When the circuit court addressed the motion to set aside default *as to the Vazquez Action,* Castro stated, "My motion was strictly under 4066 [the Cruz action], Your Honor, motion to set aside default 4066." On March 25, 2008, the circuit court entered a written order from the February 27, 2008 hearing, in which the court granted Reyes's motion to set aside default as to Cruz. The March 25, 2008 order did not, however, mention the default judgment in favor of Vazquez. Reyes did not appeal the March 25, 2008 order, nor did he move for reconsideration of that order.

A trial for the consolidated cases began on September 15, 2008. In an order dated September 15, 2008, the circuit court denied the motion to set aside the default judgment in the Vazquez Action. On September 25, 2008, Reyes filed a motion pursuant to Rule 59, SCRCP, and Rule 60, SCRCP, for reconsideration of the September 15, 2008 order.

On October 15, 2008, a hearing was held before Judge Baxley. Judge Baxley made no decision at that hearing, but he instructed the parties to return for a subsequent hearing on January 14, 2009, at which time they were to present testimony on the issue of service in the Vazquez Action. At the January 14, 2009 hearing, the court heard testimony from

pleader action brought by Nationwide Insurance Company against Owner, Driver, Vazquez, Marco, and Cruz. Judge Baxley consolidated the cases under case number 2007–CP–26–3664, which was originally the case number for the Marco Action.

Hecker regarding his service of process on Reyes in the Vazquez and Cruz Actions.

After the testimony concluded, Castro argued the circuit court should grant the motion to set aside default because Vazquez's counsel had engaged in misconduct by serving Reyes personally when Vazquez's counsel knew Castro was Reyes's attorney. As evidence Vazquez's counsel knew Castro was Reyes's attorney, Castro pointed to the August 1, 2007 motion for entry of default, in which Vazquez had entered Castro's name in the space for "Defendant's attorney."

In response, Vazquez argued that leading up to the August 1, 2007 filing, there had been no responsive pleading in the Vazquez action at all, and the only reason he entered Castro's name on the motion for entry of default was because Castro had already filed an answer and counterclaim in the Marco Action on July 12, 2007. Vazquez argued he was simply anticipating Castro's involvement in the Vazquez action when he entered Castro's name on the motion for entry of default because of his law firm's involvement in the Marco Action.

Judge Baxley denied the motion to set aside default as to Vazquez, stating:

[W]hat I find here is it's just not fair for the [defendant]'s counsel to take the position that we don't accept service for our clients when the process server went to ... try to serve it on the specific instructions of the [plaintiff], and then serve the defendant and then come forward and say there's no notice.

This appeal followed.

## STANDARD OF REVIEW

■ The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the circuit court. *Thompson v. Hammond,* 299 S.C. 116, 119, 382 S.E.2d 900, 902–03 (1989). The circuit court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion. *Mitchell Supply Co. v. Gaffney,* 297 S.C. 160, 162–63, 375 S.E.2d 321, 322–23 (Ct.App.1988). An abuse of discretion arises when the court issuing the order was controlled by an error of law or when the order, based upon factual conclusions, is without evidentiary support. *Goodson*

v. *Am. Bankers Ins. Co.*, 295 S.C. 400, 402, 368 S.E.2d 687, 689 (Ct.App.1988).

## ANALYSIS

### A. Preservation

■ Vazquez argues Reyes has not preserved the issue of the motion to set aside default in the Vazquez Action because at the February 27, 2008 hearing, Reyes failed to argue the motion, and he failed to seek reconsideration of the circuit court's March 25, 2008 written order. We disagree.

■ When an issue or argument has been raised to but not ruled upon by the circuit court, a party must file a Rule 59(e) motion in order to preserve it for appellate review. *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004).

On October 25, 2007, Reyes filed two motions to set aside default judgments: one in the Cruz Action and one in the Vazquez Action. At the February 27, 2008 hearing, Reyes declined to argue the motion in the Vazquez Action. Thereafter, the circuit court issued a written order in which it did not address the motion in the Vazquez case. Vazquez argues because Reyes failed to present arguments at the hearing or file a motion for rehearing of the March 25, 2008 order, Reyes abandoned the motion.

However, we find the circuit court intended to hear the motion in the Vazquez Action at a later time. After the discussion of the motion to set aside default in the Cruz Action at the February 27, 2008 hearing, the court asked if there were any further motions. In response, Castro asked, "[A]re we going to address [the motion in the Vazquez Action] I guess since everything has been re-captioned 3654 should those be left alone since they are already filed or how should they be addressed?" The circuit court responded, "Let's leave it alone since they are already filed. . . ." After briefly discussing the motion with counsel for both sides, the circuit court ultimately held, "I sense that you guys are talking to me and not talking to one another, clearly, so I'm going to let y'all have some discussions on that. *We'll leave it where it is and*

*move on,* all right. Have a good day. Thank you." (emphasis added).

We hold the circuit court was merely continuing the motion to set aside default in the Vazquez Action. Accordingly, Reyes did not abandon the motion at the February 27, 2008 hearing.

### B. Rule 60(b), SCRCP

Reyes argues the circuit court erred in refusing to set aside the default judgment because Vazquez's counsel personally served Reyes, despite the fact that Vazquez's counsel affirmatively acknowledged in the motion for entry of default that Reyes was represented by counsel. We disagree.

"Once a default judgment has been entered, a party seeking to be relieved must do so under Rule 60(b), SCRCP." *Sundown Operating Co. v. Intedge Indus., Inc.,* 383 S.C. 601, 608, 681 S.E.2d 885, 888 (2009). "The standard for granting relief from an entry of default is 'good cause' under Rule 55(c) ... while the standard is more rigorous for granting relief from a default judgment under Rule 60(b)...." *Ricks v. Weinrauch,* 293 S.C. 372, 374, 360 S.E.2d 535, 536 (Ct.App. 1987). Rule 60(b) requires a more particularized showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party. Rule 60(b), SCRCP. In determining whether to grant a motion under Rule 60(b), the circuit court should consider: (1) the promptness with which relief is sought; (2) the reasons for the failure to act promptly; (3) the existence of a meritorious defense; and (4) the prejudice to the other party. *Mictronics, Inc. v. S.C. Dep't of Revenue,* 345 S.C. 506, 510–11, 548 S.E.2d 223, 226 (Ct.App.2001). "The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle him to relief." *Bowers v. Bowers,* 304 S.C. 65, 67, 403 S.E.2d 127, 129 (Ct.App.1991).

### 1. Promptness with which relief is sought

The original complaint in the Vazquez Action was served on June 14, 2007. Castro contended at oral argument that he undertook representation of Reyes on behalf of Axel-

rod at some time in early August 2007, soon after an Axelrod employee told Hecker that Axelrod did not represent Reyes. However, Castro made no attempts whatsoever to inform either the circuit court or opposing counsel of his representation until September 27, 2007, when Castro filed a purported answer. The answer did not contain a motion for relief from default. The first time Castro filed a motion to set aside the default in the Vazquez Action was on October 25, 2007, which was the same day Judge Early issued the $1,575,066.20 default judgment. At the subsequent February 27, 2008 hearing on the two motions to set aside default, Castro declined to argue the motion in the Vazquez Action. The issue of the Vazquez default does not appear to have been raised again until the trial in September 2008. In sum, Reyes failed to act promptly in seeking relief.

## 2. Reasons for the failure to act promptly

Reyes argues the default judgment should be set aside because Vazquez's counsel sent notice of the damages hearing to Reyes, who does not read English, instead of sending notice to Reyes's counsel. We disagree.

Vazquez presented evidence that Castro affirmatively denied representing Reyes in late July 2007; both Bufford and Hecker filed affidavits to that effect. Consequently, it was reasonable for Vazquez's counsel to thereafter serve notice on Reyes personally, particularly when Vazquez's counsel did not receive notice that Reyes was being represented in the Vazquez Action until September 27, 2007, when Castro served a purported answer in the Vazquez Action.

Reyes also argues because Vazquez's counsel wrote Castro's name on the motion for entry of default, Vazquez's counsel thereby acknowledged that Reyes was represented by counsel, and this acknowledgment created a duty to serve Castro, as Reyes's counsel, rather than Reyes. We disagree.

Reyes cites Rule 5(b)(1), SCRCP, which states, in pertinent part: "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court." Castro contended at oral argument he had "no idea" of the default in

the Vazquez Action until after the damages hearing. However, Castro admitted at the January 14, 2009 hearing that Reyes delivered two complaints to him in June 2007. Because the Cruz complaint was not filed until July 2, 2007, and not served until August 2007, it would appear the two complaints to which counsel referred were necessarily the Marco and Vazquez complaints.[8] Despite receiving these two complaints from Reyes in June, and undertaking to represent Reyes in early August, Castro made no attempt to inform Vazquez's counsel of his representation until the end of September. We hold that Rule 5(b)(1) does not require service upon an attorney when, as in this case, the attorney gives no indication of his representation to either the court or opposing counsel. Accordingly, there is evidence in the record that Reyes's reasons for failing to act promptly were inadequate.

### 3. Existence of a meritorious defense

To establish that he has a meritorious defense, a complainant need not show that he would prevail on the merits, only that his defense is meritorious. *Thompson*, 299 S.C. at 120, 382 S.E.2d at 903. A meritorious defense need only be one "worthy of a hearing or judicial inquiry because it raises a question of law deserving of some investigation or a real controversy as to real facts arising from conflicting or doubtful evidence." *Id.* (quoting *Graham v. Town of Loris*, 272 S.C. 442, 248 S.E.2d 594 (1978)).

As stated above, "[t]he movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle him to relief." *Bowers*, 304 S.C. at 67, 403 S.E.2d at 129. Reyes does not appear to present a meritorious defense in his brief; rather, the brief is limited to his argument that notice should have been sent to Reyes's counsel rather than to Reyes directly. In his motion to set aside default, Reyes's only defense is that Reyes does not read English. As noted above, however, Reyes's counsel admitted Reyes relayed the pertinent pleadings served on Reyes to counsel in June.

---

8. The record supports this conclusion, as it contains two affidavits of personal service—one in the Marco Action, the other in the Vazquez Action—both of which state Reyes was served on June 14, 2007.

Consequently, Reyes did not meet his burden of establishing a meritorious defense.

### 4. Prejudice to the other party

Reyes does not discuss prejudice in his brief. Consequently, we find Reyes has failed to meet his burden as to this factor. *See Bowers*, 304 S.C. at 67, 403 S.E.2d at 129 ("The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle him to relief.").

### CONCLUSION

We find Reyes failed to establish he was entitled to have the default judgment set aside in the Vazquez action. Thus, we hold the circuit court did not err in refusing to set aside the default judgment.

Accordingly, the circuit court's decision is

**AFFIRMED.**

HUFF, SHORT, and WILLIAMS, JJ., concur.