**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Joseph A. Marshall, Petitioner,

v.

Carrie C. Marshall, Respondent.

Appellate Case No. 2014-000864

———————

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———————

Appeal From Aiken County
The Honorable Dale Moore Gable, Family Court Judge

———————

Memorandum Opinion No. 2015-MO-030
Heard May 6, 2015 – Filed June 3, 2015

———————

**REVERSED**

———————

Leon Edward Green, of Leon E. Green, PC, of Aiken, for Petitioner.

Gregory P. Harlow, of Harlow Law Offices, PA, of Aiken, for Respondent.

———————

**PER CURIAM:** The subject of this dispute is the distribution of husband's retirement accounts in a divorce proceeding. The final divorce decree divided the assets equally between the two parties, however, a subsequent Consent Order signed by both parties established a lump sum of money that husband owed wife. Once husband paid that lump sum, wife obtained a Qualified Domestic Relations Order (QDRO) for an additional share of one of the retirement accounts. Husband challenged that order pursuant to Rules 60(b)(4) and (5) of the South Carolina Rules of Civil Procedure. This Court reviews the Court of Appeals' decision regarding the efficacy of the QDRO.

### I.     Facts

On December 31, 2002, Joseph A. Marshall filed for a divorce from his long-time wife Carrie A. Marshall.[1] On March 28, 2005, Family Court Judge Tunstall issued a Final Order terminating the marriage. The Final Order determined the division of husband's two retirement accounts. The parties agreed to equally divide husband's Bechtel Pension and 401(k) account. The parties disputed the value of the 401(k) account, but Judge Tunstall valued it at $445,000.00.[2] At the time of the order, the Bechtel Pension was valued at $160,000.00. Additionally, the order states, "the husband's savings and investment plan shall be divided equally."[3] Neither party appealed the Final Order.

Following the Final Order, the parties negotiated a final distribution of the marital assets and entered a Consent Order on May 8, 2007. The Consent Order, in relevant part, stated that "the husband shall transfer the sum of $273,975.00 to the wife by virtue of either a Rollover IRA or a QDRO."[4] The Consent Order

---

[1] They were married in August 1984.

[2] The 401(k) retirement account has been moved to the Bank of Guam. Wife asserts husband may have made a $98,000.00 withdrawal from the account. The court ruled on how to divide the funds in the event the husband reinvested those funds, as he alleged, and how to divide the funds if the husband did not reinvest the $98,000.00.

[3] The savings plan appears to have been rolled over into the 401(k) Bank of Guam account.

[4] The amount listed in the Consent Order plus the QDRO amount of $80,000.00 exceeds wife's half of husband's two retirement accounts by about $66,000.00.

generally mentions the Bank of Guam account but does not divide it. The Consent Order makes no mention of the Bechtel Pension, but instead states, "[a]ll other aspects of the Order dated March 28, 2005,[5] not modified by this Consent Order shall remain in full force and effect." The wife received the agreed sum of money from her husband through an IRA rollover account. Sometime thereafter, wife sought a QDRO for half of her husband's $160,000.00 Bechtel Pension.[6]

In response to the QDRO, husband filed a motion for relief from judgment pursuant to Rules 60(b)(4) and (b)(5) of the South Carolina Rules of Civil Procedure.[7] On September 30, 2008, Judge Gable denied husband's motion, ruling that the QDRO is "neither void nor is it inequitable to enforce" and "the motion is not proper to address the Plaintiff's concerns." Husband appealed to the Court of Appeals, which decided that "the family court erred in dismissing Husband's motion on the basis it was an improper procedural vehicle to address Husband's concerns." *Marshall v. Marshall*, Op. No. 2011-UP-181 (S.C. Ct. App. filed Apr. 19, 2011). The Court of Appeals remanded Husband's Rule 60(b)(5) motion to be heard on the merits. The Family Court hearing following remand resulted in the September 12, 2012 Order denying husband's post-judgment motion. Husband appealed this order to the Court of Appeals, which affirmed the Family Court. *Marshall v. Marshall*, Op. No. 2014-UP-020 (S.C. Ct. App. filed Jan. 22, 2014).

---

The amount listed in the Consent Order represents wife's share of the retirement accounts less her half of the credit card debt.

[5] March 28, 2005 is the date of the Final Order terminating the marriage.

[6] The QDRO was filed on February 6, 2008.

[7] Rule 60(b) reads in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no long equitable that the judgment should have prospective application.

Rules 60(b)(4) and (5), SCRCP.

## II.     Standard of Review

"In appeals from the family court, the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence." *Ex parte Morris*, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006). However, "this broad scope of review . . . does not require the appellate court to disregard the findings of the family court." *Wooten v. Wooten*, 364 S.C. 532, 540, 615 S.E.2d 98, 102 (2005).

A party seeking to set aside a judgment pursuant to Rule 60(b) has the burden of presenting evidence entitling him to the requested relief. *Bowers v. Bowers*, 304 S.C. 65, 67, 403 S.E.2d 127, 129 (1991). "Whether to grant or deny a motion under Rule 60(b) is within the sound discretion of the trial judge." *Coleman v. Dunlap*, 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992). On review, we are "limited to determining whether there was an abuse of discretion" in granting or denying such a motion. *Raby Constr. v. Orr*, 358 S.C. 10, 18, 594 S.E.2d 478, 482 (2004).

## III.     Discussion

**Whether the Court of Appeals erred in affirming the Family Court decision which allowed the February 6, 2008 Qualified Domestic Relations Order to stand as not previously satisfied?**

Husband argues that the Court should vacate the QDRO pursuant to his Rule 60(b)(5) motion because the Bechtel Pension division was controlled by the Final Order of March 28, 2005 and the obligation created by the March 28, 2005 order was satisfied by the payment of $273,975.00 pursuant to the Consent Order of May 8, 2007. We agree.

Rule 60(b)(5) allows a party to move a court to relieve a party from a final judgment, order, or proceeding if "the judgment has been satisfied, released, or discharged, or . . . it is no longer equitable that the judgment should have prospective application." Rule 60(b)(5), SCRCP. The QDRO is based on an obligation created by this order. It is clear that the May 8, 2007 Consent Order was intended to resolve all issues concerning the husband's retirement accounts. When husband paid wife $273,975.00 by way of the rollover IRA, pursuant to the Consent Order, he satisfied his obligation under the March 28, 2005 Final Order. There is no basis for the QDRO and equity demands that it be vacated.

## IV.    Conclusion

We reverse the Court of Appeals' decision and vacate the QDRO.

**REVERSED AND VACATED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**