**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jerome Myers and Gloria Myers, Appellants,

v.

Walter R. Kaufmann, Kaufmann and Associates, LLC, Joseph A. Broom, Active Day, Inc., Craig Mehnert COO, Bettye Dorn as Center Director of Active Day, Inc. @ Charleston, SC, Respondents.

Appellate Case No. 2014-000077

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2016-UP-125
Submitted February 1, 2016 – Filed March 2, 2016

**AFFIRMED**

Jerome Myers and Gloria Myers, of North Charleston, pro se.

John Joseph Dodds, III, of The Law Firm of Cisa & Dodds, LLP, of Mt. Pleasant for Respondents Walter R. Kaufmann, Kaufmann and Associates, LLC, and Joseph A. Broom.

David Starr Cobb, of Turner Padget Graham & Laney, PA, of Charleston, for Respondents Active Day, Inc., Craig Mehnert, and Bettye Dorn.

_____

**PER CURIAM:** Jerome and Gloria Myers (Appellants) appeal the circuit court's order dismissing their action against Walter R. Kaufmann, Kaufmann and Associates, LLC, Joseph A. Broom, Active Day, Inc., Craig Mehnert CCO, and Bettye Dorn as Center Director of Active Day, Inc. @ Charleston, SC (Respondents) pursuant to Rule 12(b)(6), SCRCP, for failure to state a cognizable claim.  Appellants argue (1) the circuit court erred in refusing to admit documents as evidence prior to its decision; (2) the probate court erred in offering a "visitor competency investigation[;]" (3) the probate court erred in appointing Walter Kaufmann to serve as guardian; (4) the probate court erred by allowing Kaufmann to continue to serve as guardian under the original guardianship order after he began Kaufmann and Associates, LLC; (5) the probate court erred by failing to supervise the guardian; (6) the probate court erred in approving payments to Kaufmann after the Department of Veterans Affairs determined his ward to be competent; (7) Kaufmann violated section 62-5-104 of the South Carolina Code (2009) by granting guardianship duties to Broom; (8) Kaufmann did not have authority to appoint Broom as conservator; (9) Kaufmann "violate[d] the peace and privacy of [his ward's] enjoyment" by appointing Broom a "temporary guardian[;]" (10) Kaufmann committed conversion of his ward's disability benefits; (11) Kaufmann should suffer disgorgements for his actions; (12) Broom violated South Carolina law by acting as a guardian without a lawful certificate of appointment; (13) Dorn violated South Carolina law by assisting Broom in transporting the ward; (14) Respondents "failed to yield to the Supremacy Clause[;]" and (15) Kaufman "wrongfully attack[ed]" Appellants when they obtained a power of attorney from the ward following the Department of Veteran's Affairs determination.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

As to issue 1:  *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the [circuit] court."); *id.* ("In considering a motion to dismiss a complaint based on a failure to state facts

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

sufficient to constitute a cause of action, *the [circuit] court must base its rulings solely on allegations set forth in the complaint.*" (emphasis added)); *id.* ("If the facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then dismissal under Rule 12(b)(6) is improper.").

As to issues 2-6: Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); Rule 203(b)(5), SCACR (stating appeals from the probate court "shall be served in the same manner as provided by Rule 203(b)(1)"); *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 651, 661 S.E.2d 791, 795 (2008) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal...." (quoting *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004))).

As to issues 7-15: *Pye v. Estate of Fox,* 369 S.C. 555, 566, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit] court to be preserved."); *Lapp v. S.C. Dep't of Motor Vehicles*, 387 S.C. 500, 507, 692 S.E.2d 565, 569 (Ct. App. 2010) ("To be preserved for appellate review, an issue must have been: (1) raised to *and ruled upon* by the [circuit] court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [circuit] court with sufficient specificity." (emphasis added)); *Rodriguez v. Gutierrez*, 391 S.C. 323, 330, 705 S.E.2d 94, 98 (Ct. App. 2011) ("When an issue or argument has been raised to but not ruled upon by the circuit court, a party must file a Rule 59(e) [, SCRCP] motion in order to preserve it for appellate review."); *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("Issue preservation rules are designed to give the [circuit] court a fair opportunity to rule on the issues, and thus provide us with a platform for meaningful appellate review." (quoting *Queens Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 373, 628 S.E.2d 902, 919 (Ct. App. 2006))); *State v. Burton*, 356 S.C. 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003) (noting "[a] pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with the substantive and procedural requirements of the law").

**AFFIRMED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**