**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Palmetto Residential Builders, LLC, Appellant,

v.

Michael Cox and Elizabeth Cox, Respondents.

Appellate Case No. 2014-002455

———————

Appeal From Kershaw County
Jeffrey Marc Tzerman, Master-in-Equity

———————

Unpublished Opinion No. 2016-UP-524
Submitted September 1, 2016 – Filed December 21, 2016

———————

**AFFIRMED**

———————

Benjamin C. Bruner and Joey Randell Floyd, both of
Bruner Powell Wall & Mullins, LLC, of Columbia, for
Appellant.

R. Charles Richards, of Richards Law Firm, LLC, of
West Columbia, for Respondents.

———————

**PER CURIAM:** Palmetto Residential Builders, LLC (Palmetto) appeals from the master-in-equity's order denying its motion to set aside alleged fraudulent voluntary contributions Michael Cox made to his retirement account. Palmetto argues the master erred in: (1) precluding attachment of all funds in Cox's

retirement account, including Cox's post-judgment transfers; (2) holding federal law barred avoidance of the fraudulent transfers because the anti-alienation provisions of the Employee Retirement Income Security Act (ERISA) and the internal revenue code do not preclude them; (3) holding the voluntary post-judgment contributions were made for valuable consideration and there was no evidence of actual intent to defraud; and (4) finding Cox did not increase the amount of the contributions to his retirement account after the judgment.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether the master erred in precluding attachment of all funds in Cox's retirement account:  S.C. Code §15-41-30(A)(13) (Supp. 2015) ("The following real and personal property of a debtor domiciled in this State is exempt from attachment, levy, and sale under any mesne or final process issued by a court or bankruptcy proceeding:  . . . (13) The debtor's right to receive individual retirement accounts as described in Sections 408(a) and 408A of the Internal Revenue Code, individual retirement annuities as described in Section 408(b) of the Internal Revenue Code, and accounts established as part of a trust described in Section 408(c) of the Internal Revenue Code."); *id.* (providing as an exception that a judgment creditor is entitled to execute on individual retirement accounts only if the conveyance is fraudulent).

2.     As to whether the master erred in finding Cox did not increase the amount of the contributions to his retirement account after the judgment:  *Rodriguez v. Gutierrez*, 391 S.C. 323, 331, 705 S.E.2d 94, 99 (Ct. App. 2011) ("The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle him to relief." (quoting *Bowers v. Bowers*, 304 S.C. 65, 67, 403 S.E.2d 127, 129 (Ct. App.1991))).

3.     As to the remaining issues:  *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

**AFFIRMED.**[1]

**HUFF, SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.