**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bernard Johnson, Respondent,

v.

Jonquiel T. Johnson, Appellant.

Appellate Case No. 2016-002289

---

Appeal From Richland County
Monét S. Pincus, Family Court Judge

---

Unpublished Opinion No. 2018-UP-447
Submitted October 1, 2018 – Filed December 5, 2018

---

**AFFIRMED**

---

James Ross Snell, Jr. and Vicki D Koutsogiannis, of Law Office Of James R. Snell, Jr., LLC, both of Lexington, for Appellant.

Ryan W. Lane, of The Lane Law Firm, LLC, of Columbia, for Respondent.

---

**PER CURIAM:** Jonquiel Johnson (Mother) appeals the family court's award of joint custody of a minor child (Child) with primary placement to Bernard Johnson (Father). On appeal, Mother argues the family court erred in (1) denying her motions for reconsideration or a new trial under Rules 59(e) and 60(b), SCRCP, (2)

failing to consider Mother's role as primary caretaker when awarding primary placement of Child with Father, (3) concluding Mother deliberately failed to cooperate with Father regarding visitation and Child's care, and (4) providing insufficient time for Mother to present her case during the final hearing. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in denying Mother's post-trial motions: *Ware v. Ware*, 404 S.C. 1, 10, 743 S.E.2d 817, 822 (2013) ("The decision to deny or grant a motion made pursuant to Rule 60(b), SCRCP[,] is within the sound discretion of the [family court]."); *Lanier v. Lanier*, 364 S.C. 211, 216, 612 S.E.2d 456, 458 (Ct. App. 2005) ("[This court's r]eview is thus limited to determining whether the family court abused its discretion in granting or denying the motion."); *Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (acknowledging our appellate courts review the family court's "evidentiary or procedural rulings . . . using an abuse of discretion standard"); *Bowers v. Bowers*, 304 S.C. 65, 67, 403 S.E.2d 127, 129 (Ct. App. 1991) ("The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle [her] to relief."); *id.* at 68, 403 S.E.2d at 129 ("Such evidence is usually provided through affidavits."); Rule 60(b)(1)-(3), SCRCP (providing that "[o]n motion and upon such terms as are just, the court may relieve a party" from a final order due to "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud, misrepresentation, or other misconduct of an adverse party"); *Rouvet v. Rouvet*, 388 S.C. 301, 309-10, 696 S.E.2d 204, 208 (Ct. App. 2010) ("Generally, 'the neglect of the attorney is the neglect of the client, and . . . no mistake, inadvertence, or neglect attributable to the attorney can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client.'" (omission in original) (quoting *Stearns Bank Nat'l Ass'n v. Glenwood Falls, LP*, 373 S.C. 331, 342, 644 S.E.2d 793, 798 (Ct. App. 2007))); *Lanier*, 364 S.C. at 218, 612 S.E.2d at 459 ("[C]ourts have found evidence is not newly discovered evidence for the purposes of Rule 60(b)(2) whe[n] the evidence was (1) known to the party at the time of trial, and (2) in the party's possession."); *id.* at 219, 612 S.E.2d at 460 ("[D]ocuments in the possession of a party's agent, such as an attorney . . . , are deemed to be in the party's possession because the party retains control over the documents." (quoting *Lans v. Gateway 2000, Inc.*, 110 F. Supp. 2d 1, 5 (D.S.C. 2000))); *Gainey v. Gainey*, 382 S.C. 414, 425, 675 S.E.2d 792, 798 (Ct. App. 2009) ("In South Carolina, extrinsic fraud is the only type of fraud for which relief may be granted under Rule 60(b)(3),

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

SCRCP."); *Rycroft v. Tanguay*, 279 S.C. 76, 79, 302 S.E.2d 327, 329 (1983) ("[P]erjury . . . [by] a party or his witnesses is a species of intrinsic, not extrinsic, fraud, and affords no ground for equitable interference with a judgment.").

2. As to whether the family court erred in awarding primary placement of Child with Father by failing to consider Mother's role as a primary caretaker and finding Mother was uncooperative: S.C. Code Ann. § 63-15-230(A) (Supp. 2018) ("The [family] court shall make the final custody determination in the best interest of the child based upon the evidence presented."); S.C. Code Ann. § 63-15-230(C) (Supp. 2018) ("If custody is contested or if either parent seeks an award of joint custody, the court shall consider all custody options, including . . . joint custody, and, in its final order, the court shall state its determination as to custody and shall state its reasoning for that decision."); S.C. Code Ann. § 63-15-240(B) (Supp. 2018) (providing that in issuing a custody order, "the [family] court must consider the best interest of the child" and providing seventeen factors the court may include in its analysis); § 63-15-240(B)(6) (providing the court may consider "the actions of each parent to encourage the continuing parent-child relationship between the child and the other parent, as is appropriate, including compliance with court orders"); § 63-15-240(B)(15) (providing the court may consider "whether one parent has perpetrated domestic violence . . . or the effect on the child of the actions of an abuser if any domestic violence has occurred between the parents"); § 63-15-240(B)(17) (providing the court may also examine "other factors as the court considers necessary"); *Parris v. Parris*, 319 S.C. 308, 310, 460 S.E.2d 571, 572 (1995) ("In making custody decisions the totality of the circumstances peculiar to each case constitutes the only scale upon which the ultimate decision can be weighed."); *id.* at 311, 460 S.E.2d at 573 ("[When] the record reveals a pattern of one parent as primary caretaker and the other parent as the primary wage earner, it would be incomprehensible for a court to disregard this fact in awarding custody."); *Brown v. Brown*, 362 S.C. 85, 91, 606 S.E.2d 785, 788 (Ct. App. 2004) ("Although there is no rule of law requiring custody be awarded to the primary caretaker, there is an assumption that custody will be awarded to the primary caretaker." (quoting *Patel v. Patel*, 359 S.C. 515, 527, 599 S.E.2d 114, 120 (2004))); *Woodall v. Woodall*, 322 S.C. 7, 11, 471 S.E.2d 154, 157 (1996) ("[W]hen determining to whom custody shall be awarded, all the conflicting rules and presumptions should be weighed together with all of the circumstances of the particular case, and all relevant factors must be taken into consideration."); *Ware v. Ware*, 404 S.C. 1, 10, 743 S.E.2d 817, 822 (2013) ("In appeals from the family court, the appellate court has the authority to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence."); *Lanier v. Lanier*, 364 S.C. 211, 215, 612 S.E.2d 456, 458 (Ct. App. 2005) ("[T]his broad

scope of review does not require [this court] to disregard the family court's findings."); *Shirley v. Shirley*, 342 S.C. 324, 329, 536 S.E.2d 427, 429-30 (Ct. App. 2000) ("Because the appellate court lacks the opportunity for direct observation of witnesses, it should accord great deference to [family] court findings whe[n] matters of credibility are involved."); *id.* ("This is especially true in cases involving the welfare and best interests of children." (quoting *Aiken Cty. Dep't of Soc. Servs. v. Wilcox*, 304 S.C. 90, 93, 403 S.E.2d 142, 144 (Ct. App. 1991))); *Woodall*, 322 S.C. at 10, 471 S.E.2d at 157 ("Furthermore, the appellate court should be reluctant to substitute its own evaluation of the evidence on child custody for that of the [family] court."); *Altman v. Griffith*, 372 S.C. 388, 393, 642 S.E.2d 619, 622 (Ct. App. 2007) ("In gauging between fit parents as to who would better serve the best interests and welfare of the child in a custodial setting, the family court . . . is in a superior position to [the] appellate [court, which is] left only to review the cold record."); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("Moreover, consistent with . . . de novo review, an appellant is not relieved of [her] burden to demonstrate error in the family court's findings of fact."); *id.* ("Consequently, the family court's factual findings will be affirmed unless [an] 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" (second alteration in original) (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360-61 (1899))).

3. As to whether the family court provided Mother an insufficient opportunity to present her case: *Washington v. Whitaker*, 317 S.C. 108, 114, 451 S.E.2d 894, 898 (1994) ("A contemporaneous objection must be made to preserve an argument for appellate review."); *Ball v. Canadian Am. Exp. Co.*, 314 S.C. 272, 277, 442 S.E.2d 620, 623 (Ct. App. 1994) ("Failure to object at trial waives the right to object on appeal."); *Gartside v. Gartside*, 383 S.C. 35, 43, 677 S.E.2d 621, 625 (Ct. App. 2009) ("[A] party cannot use a Rule 59(e)[, SCRCP,] motion to present to the family court an issue the party could have raised prior to judgment but did not.").

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**