22505

Florence L. PEDERSON and Gerald T. Pederson, Appellants v. Stanley L. GOULD, M.D., Respondent.

(341 S. E. (2d) 633)

Supreme Court

*David D. Armstrong,* Greenville, *for appellants.*

*G. Dewey Oxner, Jr.* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondent.*

Heard Feb. 25, 1986.

Decided March 19, 1986.

HARWELL, Justice:

The lower court consolidated the appellant wife's medical malpractice action and the appellant husband's action for loss of consortium and medical expenses. The jury returned a verdict in favor of the respondent doctor in both cases. We affirm.

The respondent gynecologist performed a vaginal hysterectomy on the wife. She subsequently developed problems. A gastroenterologist diagnosed a blockage of the ureter and referred the wife to a urologist to correct the problem. Subsequently, a cystoscope was performed and a stitch was found in or around her left ureter. The wife later underwent a second cystoscope and a ureteral reimplantation. The doctor admitted the surgical injury but denied any negligence.

At trial, the respondent doctor called a gynecologist as an expert witness. The appellants did not offer any expert testimony from a gynecologist. The urologist who treated the wife after her vaginal hysterectomy testified on the appellants' behalf.

As a general rule, expert testimony is required in medical malpractice actions. *Green v. Lilliewood,* 272 S. C. 186, 249 S. E. (2d) 910 (1978). Expert testimony is not required, however, in situations where the common knowledge or experience of laymen is extensive enough for them to be able to recognize of infer negligence on the part of the doctor and also to determine the presence of the required causal link between the doctor's actions and the patient's medical problems. *King v. Williams,* 276 S. C. 478, 279 S. E. (2d) 618 (1981); *Green v. Lilliewood, supra.* The appellant contends that the lower court erred in failing to include this "common knowledge" exception in its jury charge. We disagree.

To prevail in a medical malpractice suit, the plaintiff must present evidence sufficient to satisfy the two prong test set forth in *Cox v. Lund,* 286 S. C. 410, 334 S. E. (2d) 116 (1985). The plaintiff must "(1) Present evidence of the generally recognized practices and procedures which would be exercised by competent practitioners in a defendant doctor's field of medicine under the same or similar circumstances; AND (2) Present evidence that the defendant doctor departed from the recognized and generally accepted stan-

dards, practices and procedures in the manner alleged by the Plaintiff." *Cox,* 286 S. C. at 414, 334 S. E. (2d) at 118.

In medical malpractice actions, the plaintiff must use expert testimony to establish both the required standard of care and the defendant's failure to conform to that standard, unless the subject matter lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant. *Botehlo v. Bycura,* 282 S. C. 578, 320 S. E. (2d) 59 (Ct. App. 1984).

The disputed issue in this case is whether damage to the ureter which occurs during a hysterectomy falls under the common knowledge exception. Under the facts of the present case, we find that it does not. A vaginal hysterectomy is a significant surgical procedure. The record reflects that the ureter lies in close proximity to the uterus and that the ureter is not visible during the operation because it is covered with tissue. It is possible that damage to the ureter, which is a recognized risk of this operation, could occur in the absence of any negligence on the part of the doctor. In this case, we have no admission by the respondent doctor that he departed from the standard of care. The respondent's expert medical witness testified that he would not have performed the operation any differently. The facts concerning the performance of a vaginal hysterectomy are not within the common purview or common knowledge of the jury; therefore medical expert testimony was required by the appellants in order to prove their case. *See Thomas v. Berrios,* 348 So. (2d) 905 (Fla. App. 1977).

The judge correctly charged the jury that this is an area where expert testimony will usually be necessary to establish both the standard of care and the doctor's departure therefrom. The trial judge did not err in failing to charge the common knowledge exception to the standard of proof required to prove medical negligence.

The remaining exceptions are without merit and are affirmed pursuant to Rule 23.

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.