0690

Rudolph LOGAN, Appellant v. David J. GATTI, M.D., and Mohammed Yousufuddin, M.D. d/b/a Palmetto Surgical Associates, Respondents. Martha M. LOGAN, Appellant v. David J. GATTI, M.D., and Mohammed Yousufuddin, M.D. d/b/a Palmetto Surgical Associates, Respondents.

(347 S. E. (2d) 506)

Court of Appeals

*Charles L. Henshaw, Jr.,* of *Law Offices of O. Fayrell Furr, Jr.,* Columbia, *for appellant.*

*Charles E. Carpenter, Jr.,* and *Donald V. Richardson, III, Richardson, Plowden, Grier & Howser,* Columbia, *for respondents.*

Heard March 19, 1986.

Decided April 28, 1986.

GARDNER, Judge:

Martha M. Logan (Mrs. Logan) brought this medical malpractice action; her husband brought a loss of consortium suit; the two actions were consolidated for both trial and appeal. We reverse and remand.

The plaintiffs employed Dr. Alfred J. Martin, Jr., Captain, U.S. Navy, as their medical expert to establish the applicable standards of medical care. Dr. Martin has illustrious professional credentials. He was the Chief of Vascular Surgery at the National Medical Center, Bethesda, Maryland. Ordinarily, he remained at the hospital where he performed his duties as a surgeon and also taught. During the Lebanon crisis, he was unexpectedly, and to the complete surprise of plaintiffs' attorney, ordered to sea.

Prior to the Lebanon crisis, defendants deposed Dr. Martin pursuant to the then Civil Procedure Discovery Rule 87.

Upon learning that Dr. Martin had been ordered to sea, plaintiffs' attorney moved for a continuance, attaching an affidavit to the effect that Dr. Martin (1) was employed by them as their only expert as to the applicable standard of care, and (2) that he was unexpectedly ordered to sea and would return in approximately three months. Judge Cox ruled that the deposition of Dr. Martin could be used by the plaintiffs at trial and ordered "that the plaintiffs shall have the right to publish the admissible portion of the deposition of Dr. Alfred J. Martin, Jr., at trial. It is the court's further opinion that the opinions of Dr. Martin shall be admissible at the trial even though the same is not in response to a

hypothetical question." The order then set the case for trial a day certain about two weeks later.

The case proceeded to trial. The plaintiffs renewed their motion for a continuance upon the additional grounds that they had been unable to employ another expert witness as to the standard of medical care. Judge Cobb, the trial judge, in his order directing a verdict for defendants, disregarded the opinion of Dr. Martin on the grounds that it was not competent evidence because it did not relate facts presented at the trial. This ruling was in conflict with Judge Cox's order. Judge Cobb's ruling is supported by authority. An expert who has no personal knowledge on which to base his opinion can render opinion testimony only in response to a hypothetical question. *State v. King*, 158 S. C. 251, 155 S. E. 409 (1930). The hypothetical question must be based upon facts shown by the evidence; opinions based upon facts not in evidence must be disregarded. *Sumner v. Pruitt*, 281 S. C. 63, 314 S. E. (2d) 150 (Ct. App. 1984).

A motion for continuance because of the absence of a material witness is addressed to the judge's discretion, and his ruling will not be disturbed unless he is shown to have abused that discretion. *Gavin v. North Carolina Mut. Ins. Co.*, 265 S. C. 206, 217 S. E. (2d) 591 (1975). A judge is shown to have abused his discretion, however, if his decision is based upon a error of law. *Renney v. Dobbs House, Inc.*, 275 S. C. 562, 274 S. E. (2d) 290 (1981).

The evidence which plaintiffs contemplated offering by Dr. Martin's testimony was crucial. To prevail in a medical malpractice suit, the plaintiff must present evidence sufficient to satisfy the two-prong test set forth in *Pederson v. Gould*, 288 S. C. 141, 341 S. E. (2d) 633 (1986). The plaintiff must "(1) Present evidence of the generally recognized practices and procedures which would be exercised by competent practitioners in a defendant doctor's field of medicine under the same or similar circumstances; AND (2) Present evidence that the defendant doctor departed from the recognized and generally accepted standards, practices and procedures in the manner alleged by the Plaintiff." *Pederson, supra.*

The plaintiffs sought only a two and one-half month continuance. Their motion for continuance was based upon the

unexpected development of Dr. Martin's being ordered to sea. The deposition taken by defendants' attorney was not a *de bene esse* deposition to preserve testimony but purely a discovery deposition taken on the motion of defendants' attorney. Judge Cox created a "damned if you do and damned if you don't" situation in view of the well-settled law that an expert who has no personal knowledge on which to base his opinion can render opinion testimony only in response to a hypothetical question; the appealed order thereby left the plaintiffs, through no fault of their own, without an expert witness to testify as to the standards of medical care. We hold this to have been an error of law and consequently an abuse of discretion.

For the reasons stated, the judgment below is reversed and the case is remanded for a trial *de novo*.

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.