1250

Aundra J. FOWLER, Administratrix of the Estate of
Bobby Earl Fowler, Appellant v. Kamal S. BASILY, Respondent.

(374 S. E. (2d) 693)

Court of Appeals

*Steve Wukela, Jr.,* Florence, *for appellant.*

*John S. Wilkerson, III,* Florence, *for respondent.*

Heard Oct. 18, 1988.

Decided Nov. 28, 1988.

SHAW, Judge:

Appellant, Aundra J. Fowler, Administratrix of the Estate of Bobby Earl Fowler, brought this action for medical malpractice against respondent, Kamal S. Basily. From an order granting Dr. Basily's motion for directed verdict, Ms. Fowler appeals. We reverse and remand.

On February 5, 1984 at 4:10 a.m., Bobby Earl Fowler arrived at the Mullins Hospital and was placed under the care of Dr. Dwight Robertson, the emergency room physician. Mr. Fowler told Dr. Robertson he had taken between 20 and 30 valium pills, but denied taking any medicine. Mr. Fowler's family indicated he had possibly taken Tylenol and aspirin also. When questioned, Mr. Fowler denied taking any aspirin.

Because Dr. Robertson did not have the authority to admit patients to the hospital, he called Dr. Basily, the doctor on call, at 5:45 a.m. for admitting orders. Dr. Robertson informed Dr. Basily of the situation, including the possibility Mr. Fowler had ingested aspirin and Tylenol. Mr. Fowler was admitted to the hospital and placed in the intensive care unit. From the beginning, Dr. Basily treated Mr. Fowler as an aspirin poisoning case. Mr. Fowler died in the intensive care unit at approximately 6:00 p.m. on February 5, 1984.

Basily's motion for directed verdict was granted at the close of the plaintiff's case. The trial judge ruled the record did not establish an applicable standard of conduct or a

violation of this standard. On appeal, Ms. Fowler claims the evidence adduced at trial created a jury issue as to standard of care and deviation from this standard. We agree.

In deciding motions for directed verdict, the trial judge must consider the evidence and inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Professional Bankers Corp. v. Floyd,* 285 S. C. 607, 331 S. E. (2d) 362 (Ct. App. 1985). Generally, in order to establish medical malpractice, expert evidence must be presented establishing both the required standard of care and the practitioner's failure to conform to the standard. *Pederson v. Gould,* 288 S. C. 141, 341 S. E. (2d) 633 (1986).

Ms. Fowler's expert, Dr. Charles W. Lapp, testified as follows:

> The appropriate care is pretty well straight forward and can be found in most any manual that deals with toxicity. It is to get the poison out of the system by using vomiting or the levine tube, if necessary. Charcoal would be administered. Intravenous fluids would be administered and in a moderate case you would use a large amount of fluids.... Five hundred milliliters which is about half a quart in the first hour.... It is a standard of care that a lot of fluid must be administered right away.

Dr. Basily ordered Mr. Fowler's stomach pumped in order to remove any traces of drugs in the stomach. However, he failed to administer charcoal which binds poisons in the system, tieing them up so they don't get absorbed into the body. He also failed to administer the recommended amount of fluids in the first hour by giving Mr. Fowler 150 milliliters instead of 500. This treatment is necessary to dilute the poison in the system.

Based on the testimony of plaintiff's expert, we find there was sufficient evidence of standard of care and deviation from that standard to submit the issue to the jury.

The order below granting Dr. Basily's motion for a directed verdict is reversed and the case is remanded for a new trial.

CURETON, J., and LITTLEJOHN, Acting Judge, concur.