23045

Jill Elaine DUNN, Appellant v. John Anderson DUNN, Respondent.

(381 S. E. (2d) 734)

Supreme Court

*Thomas E. McCutchen* and *Evans Taylor Barnette, Whaley, McCutchen, Blanton & Rhodes,* Columbia, *for appellant.*

*Harvey L. Golden* and *J. Michael Taylor, Law Offices of Harvey L. Golden, P.A.,* Columbia, *for respondent.*

Submitted May 16, 1989.

Decided July 10, 1989.

TOAL, Justice:

Jill Dunn (Wife) appeals a Family Court order, imposing sanctions against her under Rule 37(b), SCRCP for failing to resume a recessed deposition. We reverse.

## ISSUE
Did the Family Court judge abuse his discretion in awarding a $500 sanction under Rule 37(b), SCRCP against Wife for failing to resume her deposition until she received a signed copy of the court's Order compelling discovery?

## FACTS
Wife, represented by Evans Barnette, Esquire, brought a petition in the Family Court seeking, *inter alia,* a divorce from John Dunn (Husband), represented by Harvey Golden, Esquire. During Wife's deposition, Mr. Golden posed numerous questions to Wife relating to an extramarital sexual relationship. Wife refused to answer these questions, asserting her right against self-incrimination under the Fifth Amendment.

Mr. Golden recessed Wife's deposition and moved for an

order requiring Wife to elect between answering the questions or foregoing all affirmative relief requested in her petition. This motion was argued February 9, 1988, and Family Court Judge Arrants granted Mr. Golden's motion, ruling from the bench in the presence of both attorneys. Judge Arrants requested Golden draw an Order.

Wife elected to resume the deposition, which was rescheduled by agreement of counsel for the afternoon of February 12, 1988. According to Mr. Barnette, the deposition was rescheduled by an associate of Mr. Golden and himself on the express condition that a copy of the signed Order would be available to Wife before proceeding. Mr. Barnette contends Mr. Golden's associate assured him that having the Order would be "no problem." Mr. Golden's position is that, although the order was discussed, its receipt by Mr. Barnette was not a precondition to resuming the deposition.

When Mr. Golden arrived at Mr. Barnette's office in Columbia, South Carolina to begin the deposition on the afternoon of February 12, 1988, the Order had not yet arrived. Although Mr. Golden represented the Order had been signed and was en route from Camden, South Carolina at that time, Mr. Barnette advised Wife to wait to resume her deposition until the Order arrived, lest she inadvertently waive her rights. Wife relied upon Mr. Barnette's advice and refused to resume until the Order arrived. Mr. Barnette offered to proceed with Wife's parents' depositions, which were also scheduled to be taken that afternoon. Mr. Golden refused to alter his discovery schedule or to wait the short time which would have been required to obtain the Order. Mr. Golden became outraged. An acrimonious exchange took place between the lawyers. Thereafter, Mr. Golden left Mr. Barnette's office without taking any of the depositions.

Mr. Golden then moved for sanctions against Wife under Rule 37(b), SCRCP, for Wife's failure to resume the deposition as scheduled. This motion was heard March 3, 1988. The court took the matter of sanctions under advisement, but later issued an Order imposing a sanction of $500 in attorney's fees upon Wife, finding her refusal to resume was unreasonable. The lower court based this finding on the fact that Wife's attorney had been informed the Order had been signed.

Wife appeals this Order.

## DISCUSSION

South Carolina Rules of Civil Procedure, Rule 37(b) instructs that when a party fails to comply with a discovery order, "the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds the failure was substantially justified or that other circumstances make an award of expenses unjust."

A trial court judge's rulings on discovery matters will not be disturbed on appeal absent a clear abuse of discretion. *Hook v. Rothstein*, 281 S. C. 541, 316 S. E. (2d) 690 (Ct. App. 1984). The burden is upon the party appealing from the order to demonstrate the trial court abused its discretion. *Clark v. Ross*, 284 S. C. 543, 328 S. E. (2d) 91 (Ct. App. 1985).

An "abuse of discretion" may be found by this Court where the appellant shows that the conclusion reached by the lower court was without reasonable factual support, resulted in prejudice to the right of appellant, and, therefore, amounted to an error of law. *Darden v. Witham*, 263 S. C. 183, 209 S. E. (2d) 42 (1974).

Wife argues that the lower court's finding that her refusal to continue the deposition until the Order arrived was unreasonable is without factual support and that the facts and circumstances surrounding her failure to resume the deposition at the scheduled hour make her failure justified, rendering the imposition of sanctions in this instance unjust and an abuse of discretion. We agree.

The trial court made no finding with respect to the existence of an agreement between the attorneys to provide Wife a copy of the Order prior to continuing the deposition. Based upon our review of the record, we believe such an agreement was in place between the attorneys. Suddenly, faced with the prospect that the Order had been signed but was not yet available per the agreement between the attorneys, Mr. Barnette advised Wife to wait to resume the deposition for the short time until the Order arrived. Under these circumstances, we do not believe Mr. Barnette was unjustified in proceeding cautiously. It is undisputed that neither Wife nor Mr. Barnette were proceeding in bad faith. Husband does not

suggest Wife sought to obtain a tactical advantage by refusing to resume the deposition until the Order arrived.

Wife had a right to rely upon her attorney's advice. To penalize Wife for reasonably relying upon the advice of her attorney, offered in good faith, under these circumstances is clearly unjust. There is no evidence in the record to reasonably support Judge Arrants' conclusion that Wife's refusal to continue was unjustified. Therefore, we hold the Family Court's award of sanctions was an abuse of discretion and

Reverse.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.