1374

Ronald BOWLING, Appellant v. PRIMARY MEDICAL MANAGEMENT, INC., Respondent.

(383 S. E. (2d) 249)

Court of Appeals

*Wayne Floyd* and *Thomas A. Bound,* West Columbia, *for appellant.*

*Charles E. Carpenter, Jr.* and *George C. Beighley,* Columbia, *for respondent.*

Heard May 10, 1989.

Decided July 31, 1989.

*Per Curiam:*

In this medical malpractice action, plaintiff-appellant Ronald Bowling seeks to recover damages allegedly caused by the negligence of defendant-respondent Primary Medical Management, Inc. The trial judge granted summary judgment under Rule 56 of the South Carolina Rules of Civil Procedure, holding in effect that there was no genuine issue of fact to be determined by a jury. Plaintiff appeals. We affirm.

## FACTS

Plaintiff cut his index finger with a razor blade and went to the office of the defendant for first aid treatment. Dr. Annamaria Kosa sutured his wounds after injecting one percent (1%) lidocaine to numb his finger so he would not suffer pain while she took three stitches. Plaintiff became pale, suffered nausea and lost consciousness; his blood pressure dropped. Dr. Kosa gave him intravenous fluids and oxygen by mask and transferred him by ambulance to the Lexington County Medical Center where he was admitted, observed overnight and released.

## EVIDENCE

In assuming its burden of proof on its motion for summary judgment, the defendant submitted to the court (1) affidavit of Dr. Kosa, (2) affidavit of Dr. James R. Raymond and (3) medical records. These established a *prima facie* case for the contention of the defendant that the action of its agents were consistent with recognized medical practices and procedures and that Dr. Kosa did not depart from recognized and generally accepted standards. At that point it became the burden of the plaintiff to present evidence warranting a finding that the defendant's agents were negligent and that such negligence most probably proximately caused injuries and damages alleged in the complaint.

In attempting to overcome the defendant's *prima facie* showing, the plaintiff relied upon an affidavit of Vernon L. Boatwright, Chief of Police for the City of West Columbia. He averred that a male nurse at the office of the defendant commented: "We must have given him too much medication." The affidavit of plaintiff himself merely averred that he was not warned or advised of the possibility that he might be allergic to lidocaine.

## RULING

The competent evidence offered by the plaintiff does not create an inference that Dr. Kosa committed malpractice in giving an injection of lidocaine. There is no showing from experts, or otherwise, indicating that the lidocaine most probably caused plaintiff's problems.

To establish professional malpractice, a plaintiff must show by expert testimony (except in some instances not applicable here) the existence of a particular standard of care, a deviation from that standard of care and that the deviation most probably proximately caused injuries and damages. The affidavits of Boatwright and the plaintiff as a matter of law do not meet the requirements set out in *Pederson v. Gould,* 288 S. C. 141, 341 S. E. (2d) 633 (1986).

There are cases in which medical testimony relative to the standard of care is not required. The "common knowledge" exception is not applicable in this case.

Affirmed.