THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
John P. Brown,       
Appellant,
 
 
 

v.

 
 
 
Spartanburg County, Spartanburg County Public Defenders Office, Spartanburg 
 County Detention Facility,        Respondent.
 
 
 

Appeal From Spartanburg County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2003-UP-126
Submitted February 10, 2003  Filed 
 February 18, 2003

AFFIRMED

 
 
 
John P. Brown, of Fairfax, pro se.
William B. Darwin and Ginger Goforth, of Spartanburg, for 
 respondents.
 
 
 

PER CURIAM:  Affirmed pursuant to Rule 220(b)(2), 
 SCACR, and the following authorities: As to issues I & IV: S.C. Code Ann. 
 § 15-78-40 (Supp. 2001) (stating state agencies are liable for their torts, 
 subject to certain immunities); S.C. Code Ann. § 15-78-60(1), (5), (23), (25) 
 (Supp. 2001) (stating state agencies and their employees are not liable for 
 losses resulting from: 1) administrative action[s] or inaction[s] of a legislative, 
 judicial, or quasi-judicial nature; 2) the exercise of discretion or judgment; 
 3) the institution or prosecution of any judicial or administrative proceeding; 
 or 4) the duty to supervise, protect, control, or exercise custody over an inmate).
As to issues II, V, & VI: Huntley v. Young, 
 319 S.C. 559, 560, 462 S.E.2d 860, 861 (1995) (holding the [d]enial of a [motion 
 to dismiss] does not establish the law of the case nor does it preclude a party 
 from raising the issue at a later point or points in the case); Rule 56(c), 
 SCRCP (stating summary judgment is appropriate where no genuine issue of material 
 fact exists and the moving party is entitled to a judgment as a matter of law); 
 Osborne v. Adams, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001) (holding 
 summary judgment is granted when there is no genuine issue as to any material 
 fact and the moving party is entitled to judgment as a matter of law); McClanahan 
 v. Richland County Council, 350 S.C. 433, 441, 567 S.E.2d 240, 244 (2002) 
 (holding appellant has no right to discovery where discovery would not aid the 
 trial court in rendering its decision whether to grant summary judgment); see 
 also Dunn v. Dunn, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989) 
 (holding a trial courts rulings on discovery matters will not be disturbed 
 on appeal absent clear abuse of discretion.  (emphasis added)); Belk 
 of Spartanburg, S.C., Inc. v. Thompson, 337 S.C. 109, 127, 522 S.E.2d 357, 
 366 (Ct. App. 1999) (The burden is upon the party appealing from the order 
 to demonstrate the trial court abused its discretion.); First Sav. Bank 
 v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding [m]ere 
 allegations of error are not sufficient to demonstrate an abuse of discretion).
As to issue III: S.C. Code Ann. § 15-78-30(f) (Supp. 
 2001) (defining loss, under the South Carolina Tort Claims Act as, bodily 
 injury, disease, death, or damage to tangible property, including lost wages 
 and economic loss to the person suffering the injury); see S.C. Code 
 Ann. § 17-27-20(A)(1) (1985) (stating a person who has been convicted of a crime 
 may file an application for post-conviction relief if the persons conviction 
 is: 1) in violation of the Constitution of the Untied States or the Constitution 
 or laws of South Carolina; or 2) otherwise subject to collateral attack on any 
 ground of alleged error).
AFFIRMED.[1]
CURETON, STILWELL, and HOWARD, JJ., concur.

 
 [1] Because oral argument would not aid the Court in resolving 
 any issue on appeal, we decide this case without oral argument pursuant to 
 Rule 215, SCACR.