**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Carson R. Bowen,             Appellant,

v.

South Carolina Department of
Motor Vehicles,             Respondent.

————

Appeal From the Administrative Law Court
Shirley C. Robinson, Administrative Law Court Judge

————

Unpublished Opinion No. 2012-UP-399
Submitted June 1, 2012 – Filed July 11, 2012

————

**AFFIRMED**

————

Edward L. Phipps, of Mount Pleasant, for Appellant.

Frank L. Valenta, Jr., Philip S. Porter, and Linda Annette Grice, all of Blythewood, for Respondent.

**PER CURIAM:** Carson R. Bowen appeals the order of the administrative law court (the ALC) affirming the South Carolina Department of Motor Vehicles's (the Department) suspension of his driver's license for driving under the influence. On appeal, Bowen argues the ALC erred in (1) affirming the hearing officer's denial of his request to proffer testimony concerning the request for admissions and admission of contrary testimony to the responses to the request and (2) finding the Mount Pleasant Police Department (the Police) established a proper foundation that the Datamaster machine was working properly. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to whether the ALC erred in affirming the Department's hearing officer's denial of Bowen's request to proffer testimony concerning the requests for admissions and admission of contrary testimony to the responses to these requests: <u>Dunn v. Dunn</u>, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989) ("A trial court['s] rulings on discovery matters will not be disturbed on appeal absent a clear abuse of discretion. The burden is upon the party appealing from the order to demonstrate the trial court abused its discretion. An abuse of discretion may be found by this Court where the appellant shows that the conclusion reached by the [trial] court was without reasonable factual support, resulted in prejudice to the right of appellant, and, therefore, amounted to an error of law." (citations and internal quotation marks omitted)); Rule 36(a), SCRCP ("A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . . The matter is admitted unless . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . . The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.").

2. As to whether the ALC erred in finding the Police established a proper foundation that the Datamaster machine was working properly: S.C. Code Ann. § 56-5-2951(A) (Supp. 2011) (providing the Department "must

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

suspend the driver's license . . . of . . . a person who drives a motor vehicle and . . . has an alcohol concentration of fifteen one-hundredths of one percent or more"); S.C. Code Ann. § 56-5-2951(B)(2) & (F) (Supp. 2011) (providing a party may request an administrative hearing on the suspension of the driver's license within thirty days and an administrative hearing must be held after the request for the hearing is received); S.C. Code Ann. § 56-5-2951(F) ("The scope of the hearing is limited to whether the person: (1) was lawfully arrested or detained; (2) was given a written copy of and verbally informed of the rights . . . ; (3) refused to submit to a test . . . ; or (4) consented to taking a test . . . , and the: (a) reported alcohol concentration at the time of testing was fifteen one-hundredths of one percent or more; (b) individual who administered the test or took samples was qualified . . . ; (c) tests administered and samples obtained were conducted pursuant to Section 56-5-2950; and (d) machine was working properly."); State v. Parker, 271 S.C. 159, 163, 245 S.E.2d 904, 906 (1978) ("Prior to admitting such evidence, the State may be required to prove (1) that the machine was in proper working order at the time of the test; (2) that the correct chemicals had been used; (3) that the accused was not allowed to put anything in his mouth for 20 minutes prior to the test, and (4) that the test was administered by a qualified person in the proper manner." (footnotes omitted)).

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**