**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lorrie Dibernardo, Individually and as the Personal Representative of the Estate of Anthony Dibernardo, deceased, Appellant,

v.

Carolina Cardiology Associates, PA, and Naresh Mori, MD, Respondents.

Appellate Case No. 2016-002008

Appeal From York County
R. Scott Sprouse, Circuit Court Judge

Unpublished Opinion No. 2019-UP-067
Submitted January 1, 2019 – Filed February 13, 2019

**AFFIRMED**

Chad Alan McGowan, of McGowan Hood & Felder, LLC, of Rock Hill, and Whitney Boykin Harrison, of McGowan Hood & Felder, LLC, of Columbia, both for Appellant.

George Cox Beighley and Carmen Vaughn Ganjehsani, both of Richardson Plowden & Robinson, PA, of Columbia, for Respondents.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Lemire*, 406 S.C. 558, 565, 753 S.E.2d 247, 251 (Ct. App. 2013) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark*, 339 S.C. at 389, 529 S.E.2d at 539)); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) ("The trial court is required to charge only the current and correct law of South Carolina."); *In re Estate of Pallister*, 363 S.C. 437, 451, 611 S.E.2d 250, 258 (2005) ("A jury charge is correct if, when read as a whole, it contains the correct definitions and adequately covers the law."); *Hoard ex rel. Hoard v. Roper Hosp., Inc.*, 387 S.C. 539, 546, 694 S.E.2d 1, 4-5 (2010) (stating the plaintiff in a medical malpractice action must present (1) evidence of the generally recognized standards, practices, and procedures that a competent practitioner in the defendant's field of medicine would exercise under the same or similar circumstances, (2) evidence the defendant departed from the recognized and generally accepted standards, practices, and procedures in the manner the plaintiff alleged, and (3) evidence the defendant's departure from the generally accepted standards, practices, and procedures was the proximate cause of the plaintiff's injuries and damages); *Bowie v. Hearn*, 292 S.C. 223, 227, 355 S.E.2d 550, 552 (Ct. App. 1987) ("A doctor is not an insurer of health and negligence may not be inferred."), *rev'd on other grounds*, 294 S.C. 344, 364 S.E.2d 469 (1988); *Snow v. City of Columbia*, 305 S.C. 544, 555 n.7, 409 S.E.2d 797, 803 n.7 (Ct. App. 1991) ("South Carolina does not recognize the rule of *res ipsa loquitur*."); *id.* at 555, 409 S.E.2d at 803 ("[The] burden of proof cannot be met by relying on the theory that the thing speaks for itself or that the very fact of injury indicates a failure to exercise reasonable care."); *Fletcher v. Med. Univ. of S.C.*, 390 S.C. 458, 463-64, 702 S.E.2d 372, 374 (Ct. App. 2010) (rejecting the application of *res ipsa loquitur* in a medical malpractice action, and stating South Carolina courts were "not permitted to speculate that misfortune was the result of negligence in the absence of any evidence as to how the physicians deviated from the standard of care").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.