**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wanda Human, as Personal Representative of the Estate of Evelyn Marie Wood, Respondent,

v.

AnMed Health, Appellant.

Appellate Case No. 2021-000834

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2022-UP-383
Submitted September 21, 2022 – Filed October 19, 2022

**AFFIRMED**

Fred W. Suggs, III, of Roe Cassidy Coates & Price, PA, of Greenville, for Appellant.

Lane Douglas Jefferies, of Poulin, Willey, Anastopoulo, LLC, of Charleston, for Respondent.

**PER CURIAM:** AnMed Health appeals a circuit court order granting Wanda Human's motion to compel production of an employee witness statement that was contained in a risk management worksheet. On appeal, AnMed argues the risk management worksheet is protected by section 44-7-392 of the South Carolina

Code (2018), and the circuit court abused its discretion by finding it was discoverable. We affirm pursuant to Rule 220(b), SCACR.

Although AnMed Health argues the risk management worksheet was an incident or occurrence report within the meaning of section 44-7-392(A)(1)(h), we find the statute, when read as a whole, is intended to protect incident or occurrence reports related to the quality of patient care. Thus, we hold the circuit court did not abuse its discretion by granting Human's motion to compel. *See Dunn v. Dunn*, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989) ("A trial court judge's rulings on discovery matters will not be disturbed on appeal absent a clear abuse of discretion."); *Regions Bank v. Owens*, 402 S.C. 642, 647, 741 S.E.2d 51, 54 (Ct. App. 2013) ("An abuse of discretion occurs when the judgment is controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support."); § 44-7-392(A)(1) ("All proceedings of, and all data, documents, records, and information prepared or acquired by, a hospital licensed under this article, . . . relating to the following are confidential: (a) sentinel event investigations or root cause analyses . . . ; (b) investigations into the competence or conduct of hospital employees . . . ; (c) quality assurance reviews; (d) the medical staff credentialing process; (e) reports by a hospital to its insurance carriers; (f) reviews or investigations to evaluate the quality of care provided . . . ; or (g) reports or statements, including, but not limited to, those reports or statements to the National Practitioner Data Bank and the South Carolina Board of Medical Examiners, that provide analysis or opinion (including external reviews) relating to the quality of care incident or occurrence reports and related investigations, unless the report is part of the medical record."); *Smith v. Tiffany*, 419 S.C. 548, 557, 799 S.E.2d 479, 484 (2017) ("'[T]he statute must be read as a whole and sections which are a part of the same general statutory law must be construed together and each one given effect.'" (quoting *Centex Int'l, Inc. v. S.C. Dep't of Revenue*, 406 S.C. 132, 139, 750 S.E.2d 65, 69 (2013))).

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.