# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Freddie Eugene Owens, Brad Keith Sigmon, Gary DuBose Terry, and Richard Bernard Moore, Respondents-Appellants,

v.

Bryan P. Stirling, in his official capacity as the Director of the South Carolina Department of Corrections; South Carolina Department of Corrections; and Henry McMaster, in his official capacity as Governor of the State of South Carolina, Appellants-Respondents.

Appellate Case No. 2022-001280

———————

Appeal from Richland County
Jocelyn Newman, Circuit Court Judge

———————

Opinion No. 28132
Heard January 5, 2023 – Filed January 26, 2023

———————

## REVERSED IN PART AND REMANDED

———————

Chief Legal Counsel Thomas Ashley Limehouse, Jr., Senior Legal Counsel William Grayson Lambert, and Deputy Legal Counsel Erica Wells Shedd, all of Columbia, for Appellant-Respondent Governor Henry McMaster; Daniel Clifton Plyler and Austin Tyler Reed, both of Smith Robinson, of Columbia, for Bryan P. Stirling, Director, and the South Carolina Department of Corrections, Appellants-Respondents.

Lindsey Sterling Vann, Emily C. Paavola, Hannah Lyon Freedman, Breedan Matthew Van Winkle, and Allison Ann Franz, all of Justice 360; Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., and John Christopher Mills, of J. Christopher Mills, LLC, all of Columbia; Joshua Snow Kendrick, of Kendrick & Leonard, P.C., of Greenville; and John H. Blume, III, of Ithaca, NY, for Respondents-Appellants.

---

**CHIEF JUSTICE BEATTY:** Four prisoners filed this declaratory judgment action challenging two of the execution methods set forth in South Carolina's death penalty statute[1]—electrocution and the firing squad—because they violate the South Carolina Constitution's article I, section 15 prohibition against cruel, corporal, or unusual punishment. The circuit court concluded electrocution and the firing squad are unconstitutional under state law, and the parties filed cross-appeals with this Court.[2] The primary appeal concerns the merits of the ruling, and the prisoners' cross-appeal challenges the partial denial of their pretrial discovery request for information on the availability of a third statutory method of execution, lethal injection. At this time, we reverse the circuit court's discovery ruling, which is the subject of the cross-appeal, and we remand the discovery issue to the circuit court for further proceedings to be completed in accordance with the time limits set forth in this opinion. We will hold the remainder of the appeal in abeyance pending the circuit court's resolution of the discovery issue.

## I. FACTS

Freddie Eugene Owens, Brad Keith Sigmon, Gary DuBose Terry, and Richard Bernard Moore ("Inmates") were each convicted of murder in unrelated capital cases and sentenced to death. After their individual actions for direct and collateral review were completed, they brought the current action in the circuit court challenging the constitutionality of two methods of execution—electrocution and the firing squad—set forth in South Carolina's recently amended death penalty statute. *See* S.C. Code Ann. § 24-3-530 (Supp. 2022). The suit was brought

---

[1] S.C. Code Ann. § 24-3-530 (Supp. 2022).

[2] *See* Rule 203(d)(1)(A), SCACR (stating the notice of appeal shall be filed directly with this Court when the principal issue on appeal challenges the constitutionality of a state law or local ordinance).

against Bryan Stirling, in his official capacity as Director of the South Carolina Department of Corrections ("SCDC Director"); the department itself ("SCDC"); and Governor Henry McMaster ("Governor").  Because all of the defendants represent South Carolina, they will be referred to collectively (as "the State"), where appropriate.

Prior to the recent amendment, section 24-3-530 provided any person sentenced to the penalty of death had a "right of election" to select either lethal injection or electrocution as the method of execution.  S.C. Code Ann. § 24-3-530(A) (2007).  In the event the right of election was waived, the statute designated lethal injection as the default method to be used in South Carolina.  *Id.*

In 2021, the statute was amended to change the default method of execution from lethal injection to electrocution and to add the firing squad as a third option. *Id.* § 24-3-530(A) (Supp. 2022).  The amended statute now provides that any person sentenced to death has a "right of election" among electrocution, the firing squad, or lethal injection.  *Id.*  The statute establishes electrocution as the method to be used in the event no election is made or if, in the judgment of the SCDC Director, the other two methods are not "available" at the time of election.  *Id.*

The firing squad has never been a method of execution for civilians in South Carolina.  After the statute's amendment, the State indicated no protocols then existed for its use.  In addition, the State indicated lethal injection was not available due to the State's alleged inability to procure the necessary drugs.  This left only electrocution, a method that several Inmates have rejected.[3]

Prior to trial, Inmates served interrogatories and requests for production asking the State to supply discovery information describing the State's efforts to obtain the drugs needed for lethal injection.  Inmates stated that, to the extent those efforts involved communication with other individuals or entities, the information sought included the identification of any person or entity with whom the State communicated, the contents and dates of those communications, and a list of each person who had been involved in the efforts to obtain the drugs for lethal injection, along with their title and the nature of their efforts.  Inmates also sought to discover information regarding SCDC's development of the protocols for lethal injection, as well as a copy of the protocols.  *See id.* § 24-3-530(F) (providing

---

[3] The State has since advised the Court that protocols have been developed for the use of the firing squad.

SCDC is responsible for establishing the protocols and procedures for carrying out executions).

The State objected to the discovery requests based on overbreadth and relevance, asserting Inmates had not challenged the constitutionality of lethal injection as a method of execution. The State also asserted the discovery requests could result in the disclosure of the identity of members of the execution team in violation of state law.[4] In the event the court permitted limited discovery on this subject, the State requested the issuance of a protective order.

Inmates, in contrast, maintained their discovery requests would not necessitate the disclosure of members of the execution team. However, they noted that, to the extent the court believed their discovery requests could result in this disclosure, the names of the team members could be redacted or the court could place the materials under seal. Inmates maintained information regarding lethal injection was relevant to their ex post facto claim because that analysis required a consideration of whether the newly imposed punishment is greater than that imposed at the time of the offense. They also contended the discovery related to what steps the State had taken to obtain the drugs for lethal injection was directly relevant to their claim regarding the meaning of "available" in the amended death penalty statute.

The court held a hearing on the discovery issue on June 23, 2022. The court subsequently filed a Form 4 order on July 5, 2022 that denied the State's motion for a protective order regarding the execution protocols (stating they "shall be subject to a Confidentiality Order"), but granted the motion "as to the remaining topics (i.e., lethal injection information, members of the execution team, etc.)."

As a result, the State produced the execution protocols pursuant to a Confidentiality Order. However, during depositions, the State directed its

---

[4] *See* S.C. Code Ann. § 24-3-580 (Supp. 2022) ("A person may not knowingly disclose the identity of a current or former member of an execution team or disclose a record that would identify a person as being a current or former member of an execution team. However, this information may be disclosed only upon a court order under seal for the proper adjudication of pending litigation. Any person whose identity is disclosed in violation of this section shall have a civil cause of action against the person who is in violation of this section and may recover actual damages and, upon a showing of a wilful violation of this section, punitive damages.").

witnesses not to answer some questions, such as how the protocols were developed, if they had ever witnessed an execution, and similar topics.

The circuit court conducted a trial on the merits of the case in August 2022. On the first day of the trial, upon Inmates' request, the court required the State to produce any autopsy reports of prior South Carolina executions via electrocution within twenty-four hours, but the court otherwise adhered to the prior ruling. The court clarified that its prior order was not intended to exclude the autopsy information and stated the information to be disclosed would be subject to the existing Confidentiality Order. The parties revisited the discovery issue during trial, and the court commented at one point that it was reading the statute preventing the disclosure of members of the execution team broadly to extend to "more than the handful of people" who are directly involved in the execution, such as the person who "flips the switch" for the electric chair. Rather, the court stated its understanding was that the statute's reach extended to "the other staff members of SCDC who play a role in that execution."

On September 6, 2022, the court issued an order granting Inmates' requests for declaratory and injunctive relief. The court concluded South Carolina's death penalty statute, section 24-3-530, was constitutionally invalid in several respects and issued a permanent injunction against the use of the firing squad and electrocution as methods of execution. Specifically, the court declared that (1) carrying out executions by either firing squad or electrocution violates the prohibition on the infliction of cruel, corporal, or unusual punishment in article I, section 15 of the South Carolina Constitution; (2) the statutory language providing a defendant has the "right to elect" his method of execution when alternatives are deemed "available" by the SCDC Director is unconstitutionally vague and an improper delegation of authority; (3) the lack of constitutional alternatives violates the statute; and (4) the retroactive application of the amended statute violates the ex post facto prohibitions of the United States Constitution and the South Carolina Constitution. The State and Petitioners have cross-appealed.

## III. DISCUSSION

In their cross-appeal, Inmates argue the circuit court's pretrial ruling denying a portion of their discovery requests constitutes an abuse of discretion. We agree.

A trial court's ruling on a discovery matter will not be disturbed on appeal except where there is an abuse of discretion. *Dunn v. Dunn*, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989). "The burden is upon the party appealing from the

order to demonstrate the trial court abused its discretion." *Id.* "An 'abuse of discretion' may be found by this Court where the appellant shows that the conclusion reached by the lower court was without reasonable factual support, resulted in prejudice to the right of appellant, and, therefore, amounted to an error of law." *Id.* (citation omitted).

In the primary appeal, the State challenges, *inter alia*, the circuit court's rulings that section 24-3-530 is unconstitutionally vague and violative of the non-delegation doctrine to the extent the statute allows the SCDC Director, an unelected official, the sole authority to determine whether lethal injection is "available" to Inmates in South Carolina as a method of execution. *See* S.C. Code Ann. § 24-3-530(A) (Supp. 2022).

In their cross-appeal, Inmates contend that, before this Court renders its decision on the merits of the circuit court's conclusions, it should find, as a preliminary matter, that the circuit court abused its discretion in denying Inmates' requests for discovery concerning (1) the State's efforts to obtain the drugs for lethal injection, and (2) the process it undertook to determine the drugs were not "available" in South Carolina. Inmates contend the South Carolina General Assembly has failed to set forth any guidance or parameters for determining whether a means of execution is "available," but the term "available" as used in section 24-3-530 must have a discernible meaning requiring the State to take some affirmative steps to make all three methods of execution available to any person who has been convicted of a capital crime and received a sentence of death. Inmates further allege the State has failed to meet its statutory obligations to properly assess availability, however those obligations are to be defined.

On the current record, it is impossible to know exactly what steps the State has taken to procure the drugs for lethal injection and to evaluate the State's assessment that such drugs are not "available" in South Carolina. The State represented to this Court during oral arguments that it presumed ongoing efforts were being made to procure the drugs for lethal injection, and that it was not simply relying on prior representations of unavailability made to this Court in recent years. When pressed on this point, however, the State could not articulate precisely what those efforts were or when they may have occurred. In any event, even assuming good faith efforts have been made and the State could advise the Court of its actions in this regard, we cannot rely on the arguments of counsel to fill in the record. The arguments of counsel are not evidence, and this information should be passed upon by the circuit court in the first instance because that court is the proper fact-finder in this matter. *See generally Chapman v. Allstate Ins. Co.,*

263 S.C. 565, 567, 211 S.E.2d 876, 877 (1975) (stating when "a law case is tried by a judge without a jury, [the judge's] findings of fact have the force and effect of a jury verdict upon the issues[] and are conclusive upon appeal when supported by competent evidence"); *Bowers v. Bowers*, 304 S.C. 65, 68, 403 S.E.2d 127, 129 (Ct. App. 1991) (observing mere allegations are not evidence, and "[a]rguments of counsel are also not evidence").

Inmates' discovery requests regarding lethal injection are particularly relevant and reasonable in light of the fact that, for over ten years, other states have continued to perform executions using lethal injection, rather than electrocution and the firing squad. Inmates have argued in this case that the latter two methods are unnecessarily destructive to the body and constitute cruel, corporal, and unusual punishment. We appreciate the circuit court's conscientious efforts to avoid the revelation of any information that would violate section 24-3-580's prohibition on the knowing disclosure of the identity of a current or former member of an execution team or a record that would lead to this identification. *See* S.C. Code Ann. § 24-3-580. We note, however, that the purpose of the statute is to prevent the *public* disclosure of this information. An additional key component of the statute is that it does contemplate that disclosure may be authorized when it is needed "for the proper adjudication of pending litigation," and the information is held under seal. *See id.* ("However, this information may be disclosed only upon a court order under seal for the proper adjudication of pending litigation.").

We find Inmates' requests for information regarding lethal injection are relevant and necessary for the proper adjudication of the issues in this matter. That being said, the circuit court noted a legitimate concern that some of this information had the potential to violate the prohibition on disclosing members of the execution team. This potential, however, did not require the broad denial of discovery to Inmates; rather, the court should have permitted discovery to proceed and required all such information to be placed under seal until the disclosed materials could be properly evaluated by a court, including the process of appeal. Accordingly, although its intentions were based on well-founded concerns, we hold the court committed an error of law amounting to an abuse of discretion in its denial of Inmates' discovery requests pertaining to lethal injection. *See generally Dunn*, 298 S.C. at 503, 381 S.E.2d 734, 736 (1989) (holding the court's conclusion that a party's refusal to continue a deposition was unjustified where it was based on the good-faith advice of counsel, and the court's imposition of sanctions based on this finding constituted an abuse of discretion); *Logan v. Gatti*, 289 S.C. 546, 549, 347 S.E.2d 506, 508 (Ct. App. 1986) (holding the trial judge committed "an error of law and consequently an abuse of discretion" in denying the plaintiffs motion

for continuance for additional time for discovery when a witness was temporarily unavailable as the judge's order "left the plaintiffs, through no fault of their own, without an expert witness to testify as to the standards of medical care").

## IV.  CONCLUSION

We find the circuit court abused its discretion in denying Inmates' pretrial discovery requests for information regarding lethal injection.  Accordingly, we reverse the ruling as to discovery and remand the matter to allow the parties to conduct discovery on this subject.  Upon remand, the circuit court shall consult with the parties in any manner it deems appropriate to determine the specific discovery responses that remain outstanding regarding the State's efforts to procure the drugs for lethal injection and the process it undertook to determine the drugs were not "available" in South Carolina.  The circuit court shall oversee the completion of this discovery within sixty (60) days of the date of this opinion. Thereafter, the circuit court will have sixty (60) days to conduct any hearing it deems appropriate and to present an order to this Court regarding its factual findings and determination as to the availability of lethal injection in South Carolina.

In light of the statutory requirements to maintain the confidentiality of the members of an execution team, information obtained shall not be disclosed to anyone other than the parties' attorneys, the circuit court, and this Court, and we direct that this information and any supplemental record that is developed on remand be kept confidential and under seal.  The remainder of the appeal is held in abeyance pending the circuit court's resolution of the discovery issue.

**REVERSED IN PART AND REMANDED.**

**KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**