**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Claudine Garver, Both Individually and as Personal Representative of the Estate of Jeremy Garver, Appellant,

v.

McLeod Loris Seacoast Hospital; McLeod Physician Associates, II; and Michael McCaffrey, M.D., Defendants,

Of which McLeod Loris Seacoast Hospital is the Respondent.

Appellate Case No. 2023-000577

———————

Appeal From Horry County
William H. Seals, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-150
Submitted April 1, 2025 – Filed April 30, 2025

———————

**AFFIRMED**

———————

Stefan Bjorn Feidler, of Feidler Law Firm, LLC, of Charleston, for Appellant.

J. David Banner, of Aiken Bridges Elliott Tyler & Saleeby, P.A., of Florence; Gordon Wade Cooper, of Buyck & Sanders, LLC, of Mount Pleasant; and Hugh

W. Buyck and Jeffrey Herman Lappin, both of Buyck
Law Firm, LLC, of Mount Pleasant, all for Respondent.

---

**PER CURIAM:** Claudine Garver, both individually and as personal representative of the estate of Jeremy Garver, appeals the circuit court's order granting summary judgment in favor of McLeod Loris Seacoast Hospital (Hospital). Garver argues the circuit court erred in granting summary judgment because (1) her negligence claim against Hospital sounded in ordinary negligence and (2) she presented evidence supporting her ordinary negligence claim and establishing Hospital's negligence proximately caused Jeremy Garver's (Jeremy's) death. We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to Garver, we hold the circuit court did not err in granting summary judgment in favor of Hospital because Garver's negligence claim did not sound in ordinary negligence, and she failed to present expert testimony establishing the applicable professional standard of care and evidence supporting a finding Hospital's alleged negligence proximately caused Jeremy's death. Further, we find Garver's proximate cause argument amounted to a claim of loss of chance, which is not recognized by South Carolina courts. *See Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023) (holding summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."); *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the trial court under Rule 56(c), SCRCP, which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."); *Pederson v. Gould*, 288 S.C. 141, 143, 341 S.E.2d 633, 634 (1986) ("In medical malpractice actions, the plaintiff must use expert testimony to establish both the required standard of care and the defendant's failure to conform to that standard, unless the subject matter lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant."); *Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 177-78,

758 S.E.2d 501, 504 (2014) ("[I]f the patient . . . receives 'nonmedical, administrative, ministerial, or routine care,' expert testimony establishing the standard of care is not required, and the action instead sounds in ordinary negligence."); *Pederson*, 288 S.C. at 142, 341 S.E.2d at 634 ("Expert testimony is not required . . . in situations where the common knowledge or experience of laymen is extensive enough for them to be able to recognize or infer negligence on the part of the doctor and also to determine the presence of the required causal link between the doctor's actions and the patient's medical problems."); *Hoard ex rel. Hoard v. Roper Hosp., Inc.*, 387 S.C. 539, 546, 694 S.E.2d 1, 4-5 (2010) ("A plaintiff alleging medical malpractice must provide evidence showing: (1) the generally recognized and accepted practices and procedures that would be followed by the average, competent physician in the defendant's field of medicine under the same or similar circumstances, and (2) the defendant departed from the recognized and generally accepted standards. . . .  Additionally, the plaintiff must demonstrate the defendant's departure from such generally recognized practices and procedures proximately caused the plaintiff's alleged injuries and damages."); *Jones v. Owings*, 318 S.C. 72, 75, 456 S.E.2d 371, 373 (1995) ("In the context of medical malpractice, the 'loss of chance' doctrine permits a recovery when the delay in proper diagnosis or treatment of a medical condition results in the patient being deprived of a less than even chance of surviving or recovering."); *id.* at 77, 456 S.E.2d at 374 (declining to adopt the "loss of chance" doctrine in South Carolina).

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.